**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Donald Frederick DeLONGCHAMPS,
Joseph John Russo, and Harvey
Mick, Defendants-Appellants.**

No. 81–5875.

United States Court of Appeals,
Eleventh Circuit.

June 21, 1982.

tion.

---

\* Honorable Irving L. Goldberg, U. S. Circuit Judge for the Fifth Circuit, sitting by designa-

Richard G. Chosid, Fort Lauderdale, Fla., for Donald Frederick DeLongchamps and Joseph John Russo.

William B. Seidel, Fort Lauderdale, Fla., for Harvey Mick.

Bruce A. Zimet, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before VANCE, JOHNSON and HENDERSON, Circuit Judges.

PER CURIAM:

Donald Frederick DeLongchamps, Joseph John Russo and Harvey Mick appeal their convictions in the United States District Court for the Southern District of Florida, for offenses involving methaqualone. 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. Error is assigned on the district court's failure to follow the mandate of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, and other grounds. Because we reverse for the Speedy Trial Act violations, we do not reach the other alleged errors on appeal.

The appellants were indicted on December 2, 1980, and arraigned on December 8, 1980. All were initially represented by the same attorney, but DeLongchamps later retained separate counsel on December 29, 1980. On December 31, 1980, some 32 motions were filed on behalf of DeLongchamps. These were transmitted to the magistrate on January 5, 1981. On January 23, 1981, the magistrate disposed of the motions with the exception of the *James* motion, *United States v. James*, 590 F.2d 575 (5th Cir.) (*en banc*), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979), which was referred to the district court. Record, vol. 2, at 204. This motion was carried with the trial.

On May 19, 1981, the district court filed a notice of jury trial during the two-week period beginning June 23, 1981. On June 11, 1981, all the defendants submitted a motion for a continuance, which was accompanied by waivers stating "I HEREBY waive speedy trial on the above entitled cause." On June 22, 1981, the trial court denied this motion.

On July 1, 1981, the defendants filed a "motion for clarification" to determine whether the magistrate's January 23, 1981 order applied to all the defendants or to DeLongchamps only. On the same day, the district court ruled that the order was intended to cover all defendants.

At a calendar call held on July 6, 1981, DeLongchamps' attorney announced that he was now representing Russo as well. Record, vol. 3, at 4. He raised the issue of dismissal for violation of the Speedy Trial Act by oral motion at several points during

the calendar call. *Id.* at 4, 7, 15.[1] The district court stated: "We have to deal with speedy trial, but I would like to get everything else out of the way if we could . . . ." *Id.* at 18. He later added: "This speedy trial thing does give me a lot of problems, and I am going to deny it, and get this case tried, and it may have some merit, and we may have to act on it on post-trial motions, something like that." *Id.* at 23. Finally, before selecting a jury he reiterated: "We will try the case, and consider speedy trial issue at a later time after we have had a little more time really to know what the facts are about excludable time, and to adjust the matter." *Id.* at 28. Trial was commenced on July 8, 1981, after the return of a superseding indictment based on possible deficiencies in the original indictment. The defendants waived trial by jury, and after a bench trial, the court found them guilty as charged.

The district court denied the motion to dismiss for failure to comply with the Speedy Trial Act because (1) the defendants had been reindicted; (2) excludable time resulted from carrying the *James* motion with the trial; (3) the oral motion on the eve of trial was insufficient to raise the issue; and (4) the motions filed in December "on behalf of each of the Defendants" were under advisement until clarification on July 1, 1981. The district court did not rely on the waivers which accompanied the motion for continuance. At the calendar call the district judge had earlier noted his doubt that the waivers were effective in any event, because they were not signed by the United States Attorney and approved by the court. *Id.* at 23–24.

The government denies a violation of the Speedy Trial Act, citing the last three reasons assigned by the district court, and the defendants' waivers. It does not rely on the superseding indictment.

 The defendants' waivers were manifestly intended to secure a continuance, *see* Record, vol. 2, at 209–13, and were submitted for no other purpose. Indulging every reasonable presumption against waiver of the right to a speedy trial, *see Barker v. Wingo*, 407 U.S. 514, 525, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we decline to hold that the waivers extended to other delays in this case.[2]

 A motion to dismiss based on Speedy Trial Act infractions must be filed prior to trial, or the statutory right is waived. 18 U.S.C. § 3162(a)(2). A motion to dismiss filed pursuant to Fed.R.Crim.P. 12(b) "may be written or oral at the discretion of the judge." Despite the Southern District's Local Rule 10(G),[3] the district court clearly accepted the pretrial oral motion as sufficient. It was therefore erroneous to deny the oral motion simply because it was not in writing.

 Excludable time for motions under advisement is covered by 18 U.S.C.

---

1. Although Mick did not expressly join in the oral motion, his attorney spoke in support of it. Record, vol. 3, at 17, 24. The district court noted after trial, when the motion was renewed, "I take that motion as having been made for all Defendants under our ground rules . . . ." The government concedes in its brief that this motion was raised on behalf of all defendants. Appellee's Brief at 3, 7.

2. This conclusion does not condone the unnecessarily lax practice followed by the defendants here. Waivers of Speedy Trial Act protections should be specifically tailored to address only the time periods or reasons for delay actually being waived. The waivers here were based on an unmodified form, and cast in general, nonspecific terms.

 The government does not argue that the period during which the motion for a continuance was under advisement should further toll the time for trial. We express no opinion on this issue. *Compare* 18 U.S.C. § 3161(h)(1)(J) *with id.* § 3161(h)(8)(A).

3. That rule provides:

 Motions in criminal cases shall be accompanied by a written statement certifying that counsel for the moving party, or the moving party if not represented by counsel, has conferred with opposing counsel or party, as the case may be, in an effort in good faith to resolve by agreement the subject matter of any motion, but has not been able to do so. In addition, the written statement shall specify the information that has been made available to opposing counsel or parties in lieu of filing of the motion.

**220**

§ 3161(h)(1)(J), which omits "delay reasonably attributable to any period, not to exceed 30 days, during which any proceeding concerning the defendant is actually under advisement by the court." We will assume that the district court correctly found that the pretrial motions, which were apparently taken under advisement by the magistrate on January 5, 1981, remained in that status after January 23, 1981, insofar as they concerned Russo and Mick. Nevertheless, no more than 30 days of the period between January 5, 1981 and the clarification on July 1, 1981, are excludable under the statute.[4] The same rule must apply to the *James* motion.[5]

The defendants were indicted on December 2, 1980, and arraigned on December 9, 1980. Even accepting the contentions of the government, we find as few as 18 days, but no more than 30 days of excludable time under 18 U.S.C. § 3161(h). The seventy-day period prescribed by 18 U.S.C. § 3161(c)(1), as extended by § 3161(h), thus expired well before trial began on July 8, 1981.

The appellants' convictions are therefore reversed and remanded for dismissal of the indictments and a further determination of whether such dismissals should be with or without prejudice. 18 U.S.C. § 3162(a)(2); *see id.* § 3163(c).

REVERSED and REMANDED.

---

4. We note that the statute exempts this time only where the motion in question is "under advisement." The dates shown on the district court's stamp are conclusive of the dates the motions were referred "To Judge" and "Rec'd."

5. In view of this holding we need not consider the doubtful question whether a motion carried with trial creates excludable time within the meaning of 18 U.S.C. § 3161(h)(1)(J).