**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Gregory Donnell STAFFORD,
Defendant-Appellee.**

**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**George GRAHAM, Defendant-Appellee.**

**Nos. 81–5482, 81–5668.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 16, 1983.

Patty Markamp Stemler, Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Charles L. Jaffee (court appointed), Hollywood, Fla., for defendant-appellee in No. 81–5482.

Robert A. Huth, Jr., Fort Lauderdale, Fla., for defendant-appellee in No. 81–5668.

Before JOHNSON and ANDERSON, Circuit Judges, and HUNTER *, District Judge.

---

* Honorable Edwin F. Hunter, Jr., U.S. District Judge for the Western District of Louisiana, sitting by designation.

JOHNSON, Circuit Judge:

The government brings these appeals from separate decisions of the district court dismissing the indictments of Gregory Stafford and George Graham under the Speedy Trial Act, 18 U.S.C.A. § 3161 et seq.[1] The district judge dismissed Stafford's indictment on April 17, 1981, 179 days after his arraignment, and dismissed Graham's indictment on June 23, 1981, 251 days after Graham's arraignment. The government argues on appeal that the district court misapplied the Speedy Trial Act and that no violation occurred in the case of either defendant. We agree and reverse both dismissals.

The Speedy Trial Act requires that a defendant be tried within 70 days from the filing date of the information or indictment, or from the date the defendant first appeared before a judicial officer of the court, whichever occurs later. 18 U.S.C.A. § 3161(c)(1). In calculating the 70 day period, Section 3161(h) of the Act excludes time during which certain proceedings involving the defendant or a codefendant are pending. Among these exclusions are three periods of time relevant to this appeal:

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

. . . . .

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing

on, or other prompt disposition of, such motion;

. . . . .

(J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

. . . . .

(7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

The Southern District of Florida's District Plan, adopted pursuant to 18 U.S.C.A. § 3165(e)(3), expressly incorporates these exclusions.

Following their arraignments, Graham's on October 15, 1980, and Stafford's on October 20, 1980, appellees filed a number of pretrial motions over the course of the next several months. On October 22, 1980, Graham filed seven discovery motions[2] that the court disposed of, with one exception, on January 25, 1981. On December 15, 1980, Graham filed a motion to reduce bond. The trial court granted the motion on December 29, 1980. On January 9, 1981, Stafford filed a motion to dismiss on Speedy Trial Act grounds. Graham filed a similar motion on January 26, 1981. The record reflects that on April 16, 1981, a magistrate held a hearing to consider both of these dismissal motions along with a March 31 motion by Stafford for release from custody under 18 U.S.C.A. § 3164(b). At the hearing, which only Stafford attended,[3] the magistrate recommended the release of Stafford but deferred to the district court for a ruling on his motion to dismiss. The

---

1. Stafford and Graham, along with one Johnny Banks, were indicted on October 6, 1980, on three counts for a bank robbery in California in 1980. On February 19, 1981, Banks pleaded guilty to the third count, and the government dropped the other two counts against him.

2. The motions included a Motion for Disclosure of Similar Act Evidence, a Motion for Production of Favorable Evidence Pursuant to Brady v. Maryland, a Motion for Search and Disclosure of Electronic Surveillance, a Motion for

Disclosure of Existing Confidential Informers, a Motion to Interview Government Informants Prior to Trial, a Motion for a James Hearing, and a Request for a Bill of Particulars.

3. The magistrate stated at the hearing that Graham had received advance notice. Stafford's attorney also stated that he had spoken to Graham's attorney but that "he did not seem particularly interested in this matter."

magistrate took no action as to Graham. On April 17, 1981, the district court granted Stafford's dismissal motion. The court rejected the government's argument that appellees' pretrial motions created excludable time under Section 3161(h) because none of the motions "caused any delay in the trial of this cause." The court stated:

> The Government contends that any pretrial motion automatically creates excludable time. Section 3161(h)(1)(F) states:
>
> The following period of time shall be excluded...
>
> "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion;"
>
> The Court finds that none of the pretrial motions filed and previously ruled on caused any delay in the trial of this cause. Further, as to the two pending motions (motion to dismiss and motion to suppress) the Court stated at calendar call that these would be ruled on just prior to commencement of the trial, whenever that is. These motions caused no delay either. There being no excludable time and more than 70 days passing from first appearance without trial commencing, dismissal of the indictment is mandated via 3162[ (a) ](2).

On June 23, 1981, the district court entered an order dismissing Graham's indictment on the same grounds.

▮ The government argues that the district court erred as a matter of law in ruling that, in order to create excludable time under Section 3161(h)(1)(F), a motion must cause actual delay in the commencement date of the trial. Although the trial court and appellees have correctly pointed out that that subsection reads "delay resulting from," the beginning of Section 3161(h) states that "[t]he following periods of delay shall be excluded ...." The latter phrase clearly indicates that each period listed in Section 3161(h) automatically is a period of delay. Moreover, a contrary reading would present extremely difficult practical questions of whether a particular motion did or did not actually delay the commencement of a trial. The virtual impossibility of making such a determination and the resulting uncertainty for defendants as to their Speedy Trial status require the conclusion that Congress could not have intended the statute to be read as appellees suggest. The legislative history of the Act supports our conclusion. *See e.g.,* S.Rep. No. 96–212, 96th Cong., 1st Sess. 33 (1979) (the Act provides for "automatic application of exclusions"); *id.* at 26 (§ 3161(h)(1)(F) provides for automatic exclusions). Finally, appellees cite no Speedy Trial case interpreting the Act as requiring a factual determination of whether the trial was delayed; our review of the cases reveals that courts seem to have concluded that Section 3161 automatically excludes time. *See e.g., United States v. Bufalino,* 683 F.2d 639 (2d Cir.1982); *United States v. Jodoin,* 672 F.2d 232 (1st Cir.1982); *United States v. Raineri,* 670 F.2d 702, 707–08 (7th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 446, 74 L.Ed.2d 601 (1982); *United States v. Nance,* 666 F.2d 353, 355 (9th Cir.1981), *cert. denied,* 456 U.S. 918, 102 S.Ct. 1776, 72 L.Ed.2d 179 (1982); *Furlow v. United States,* 644 F.2d 764, 768 (9th Cir.), *cert. denied,* 454 U.S. 871, 102 S.Ct. 340, 70 L.Ed.2d 175 (1981); *United States v. Molt,* 631 F.2d 258, 261–62 (3d Cir.1980); *United States v. Brim,* 630 F.2d 1307, 1311–12 (8th Cir.1980), *cert. denied,* 452 U.S. 966, 101 S.Ct. 3121, 69 L.Ed.2d 980 (1981). In *Brim,* the Eighth Circuit, after considering the same arguments presented by the parties in this appeal, stated:

> The appellant argues that ordinary pretrial motions for discovery, disclosure of alibi witnesses, and the like do not give rise to excludable periods unless delay of the trial actually is caused by the filing of the motions. The government contends, on the other hand, that the statute provides for automatic exclusion of the time when such motions are pending.
>
> The district court considered the theories of each side and concluded that the Act intended automatic exclusion. This interpretation is consistent with the language of the Act, as amended, and with

the apparent purpose of the [1979] amendment.

*Id.* at 1312. We agree with this reasoning and conclude that the trial court in this case erred in deciding that the exclusions are not automatic.

Our holding that Section 3161(h) creates automatic exclusions does not end our inquiry as to whether the Speedy Trial Act was violated in this case. Still before us is the question whether the October 22 motions, the December 15 motion, and the January dismissal motions created enough excludable time to reduce the number of days from arraignment to dismissal to under 70. In order to conduct the necessary calculations, we first must address three threshold issues disputed by the parties concerning the method by which the exclusions are calculated. The first issue is whether a motion filed by one defendant creates excludable time for his codefendant. The second is whether a motion to dismiss under the Speedy Trial Act triggers the exclusion provision contained in Section 3161(h)(1)(F). The third issue concerns the length of time excludable as a result of the filing of pretrial motions.

▪ As to codefendants, Section 3161(h)(7) excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Congress enacted this provision recognizing that multidefendant trials are desirable because they promote efficiency in the disposition of trials. If the Act imposed rigid time limits without applying exclusions to codefendants, courts would be forced to "grant severances which would otherwise not be required." *United States v. Varella,* 692 F.2d 1352, 1359, (11th Cir.1982) (quoting legislative history of Speedy Trial Act). For this reason, the rule in this Circuit is that the delay caused by one defendant is excludable as to his codefendants. *Id.; United States v. Davis,* 679 F.2d 845, 849–50 (11th Cir.1982). This rule extends to delay caused by the filing of pretrial motions. *Varella,* 692 F.2d at 1358. *See also United States v. Edwards,* 627 F.2d

460, 461 (D.C.Cir.), *cert. denied,* 449 U.S. 872, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980); *United States v. McGrath,* 613 F.2d 361, 366 (2d Cir.1979), *cert. denied,* 446 U.S. 967, 100 S.Ct. 2946, 64 L.Ed.2d 827 (1980).

▪ The parties also dispute the effect of the filing of a motion to dismiss for violation of the Speedy Trial Act. To settle this dispute we need look no further than the explicit language of Section 3161(h)(1)(F), which excludes the period during the pendency of "any motion." A motion to dismiss—regardless of the grounds upon which it is based—is a motion like any other motion, and thus falls within the express exclusion of (F). *See Furlow v. United States,* 644 F.2d 764, 768 (9th Cir.) (district court was "clearly correct" in ruling that period between the filing of a motion to dismiss for want of prosecution and its disposition is excludable under (F); in reaching this conclusion, the appellate court relied only on the express language of that section), *cert. denied,* 454 U.S. 871, 102 S.Ct. 340, 70 L.Ed.2d 175 (1981); *United States v. Hencye,* 505 F.Supp. 968, 972 n. 3 (N.D.Fla. 1981) (dictum). *But cf. United States v. New Buffalo Amusement Corp.,* 600 F.2d 368, 375 (2d Cir.1979) (motion to dismiss does not toll 180 day period under Rules 5(a)(1) and 7(a)(1) of interim Western District of New York Plan). Moreover, neither party points us to any other provision of the statute or any statement in its legislative history suggesting a contrary interpretation. Nevertheless, appellee Graham urges that we adopt a rule of non-exclusion on policy grounds, arguing that excluding time for filing dismissal motions would penalize defendants for attempting to assert their rights. Of course, if the 70 day period has in fact expired at the time the motion to dismiss is filed, whether or not it stops the clock does not matter. Graham suggests that a defendant concerned about the rule of *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and *United States v. Herman,* 576 F.2d 1139 (5th Cir. 1978)—which requires that courts consider, among other things, the timeliness of a defendant's speedy trial claim in assessing

its merits—may seek to assert his Speedy Trial Act claim before the 70 day period has run, thus effectively postponing or precluding altogether the accrual of 70 non-excludable days. Yet this overlooks the fact that *Barker* and *Herman* involved claims to a speedy trial under the Constitution, not claims under the Speedy Trial Act. The difference is important. Under the Act, a defendant may if he wishes postpone asserting a Speedy Trial motion to dismiss until just before trial. 18 U.S.C.A. § 3162(a)(2). Using this procedure, defendants uncertain as to the validity of their claims under the Act can avoid stopping the clock. We also question the wisdom of forcing the government to expend the time and resources of trying a defendant whose indictment may be dismissed. But the most important reason for rejecting Graham's policy argument has nothing to do with our view of the strength of the policy arguments for or against a rule of non-exclusion. Policy choices are for Congress to make. In the case of this issue, Congress has already made them. The wording of the Act clearly requires exclusion.

The final preliminary issue to be resolved concerns the length of time excludable for pretrial motions. Both (F) and (J) of Section 3161 apply to such motions and thus are relevant to our inquiry. The exclusion in (F) is granted in two situations and applies differently depending on which situation occurs. The first is when a pretrial motion requires a hearing. If a hearing is held, (F) by its terms excludes without qualification the entire period between the filing of the motion and the conclusion of the hearing.[4] The second situation in (F) applies to motions which result in "prompt disposition." For these motions, the period of exclusion begins at the filing of the motion and ends at the point of its "prompt disposition." The inclusion of the promptness requirement was "intended to provide a point at which time will cease to be excluded, where motions are decided on the papers filed without hearing." S.Rep. No. 96–212, *supra,* at 34. (F) apparently does not exclude time in a third situation— namely, where the motion requires no hearing and its disposition is not prompt. In this situation, however, (J) permits an exclusion of up to 30 days from the time the motion is "actually under advisement" by the court. This period is measured from the time that the court receives all the papers it expects from the parties.[5] Reading (F) and (J) together, (J) could be viewed as a time limitation on the exclusion period permitted for motions that require no hearings and are not promptly disposed of.[6] This accords with the view expressed in a 1979 Senate Report that explained the promptness requirement of (F) as follows:

> Finally, the section provides exclusion of time from filing to the conclusion of hearings on or "other prompt disposition" of any motion. This later language is intended to provide a point at which time will cease to be excluded, where motions are decided on the papers filed without

---

**4.** Unlike motions decided without hearings, there is no requirement in (F) that the hearing be held promptly.

**5.** In holding this point as the starting period for the time during which a motion is "under advisement" by the court, we follow the recommendation of the Committee on the Administration of the Criminal Law of the Judicial Conference of the United States. *See* Guidelines to the Administration of the Speedy Trial Act of 1979, as amended 42–43 (1981); *United States v. Bufalino,* 683 F.2d 639 at 644. If a hearing is held on a motion, however, (F) excludes the time up to the time of the hearing and (J) excludes up to 30 additional days after the hearing during which the motion is under advisement.

**6.** We reject the government's alternative position that the entire period between the filing of a motion and its disposition is excludable even when no hearing is held and the disposition is not prompt. The government cites *United States v. Brim,* 630 F.2d 1307 (8th Cir.1980), *cert. denied,* 452 U.S. 966, 101 S.Ct. 3121, 69 L.Ed.2d 980 (1981), in support of this position, but we do not read *Brim* as necessarily standing for such a broad holding. The court in *Brim* indicated that several overlapping motions were filed by the defendants and the government; the opinion, however, does not indicate the period of the pendency of any individual motion. *See id.* at 1312–13.

hearing. In using the words "prompt disposition", the committee intends to make it clear that, in excluding time between filing and disposition on the papers, the Committee does not intend to permit circumvention of the 30-days, "under advisement" provision contained in Subsection (h)(1)(J).

S.Rep. No. 96–212, *supra,* at 34. Our interpretation of (F) and (J) is consistent with *United States v. DeLongchamps,* 679 F.2d 217, 220 (11th Cir.1982), in which we held that no more than 30 days could be excluded for pretrial motions which did not require hearings. The government argues that in *DeLongchamps* there was no discussion of exclusion under (F). In that case, the pretrial motions were filed December 31, 1980, and were not resolved as to two defendants until July 1, 1981. It seems unlikely that such a disposition could be termed "prompt" so as to meet the requirement of (F); accordingly, we properly limited the exclusion to the 30 day period permitted by (J). In addition to *DeLongchamps,* we note that at least two other circuits read Section 3161(h) as we do. *See United States v. Bufalino,* 683 F.2d at 641–45;[7] *United States v. Raineri,* 670 F.2d at 708.

 Having thus disposed of these questions, the calculation of non-excludable time for each appellee is relatively straightforward. Stafford was arraigned October 20, so the Speedy Trial clock started the next day, October 21. The October 22 motions by Graham stopped the clock as to Staf-

ford—after one non-excludable day. § 3161(h)(7). These motions were, with one exception, decided January 9. No hearing was held on any of the motions, and their disposition was not "prompt" within the meaning of Section 3161(h)(1)(F).[8] Thus, these motions do not qualify for exclusion under (F). Still, (J) excludes 30 days of the period that the motions were under advisement by the court—which takes us to November 22. Twenty-two more non-excludable days then passed until December 15, when codefendant Graham again stopped the clock with his motion to reduce bond. No hearing was held on this motion, but it was promptly disposed of on December 29. Hence the time between December 15 and December 29 was excludable under (F). Ten more non-excludable days passed until January 9, when Stafford filed his motion to dismiss. A hearing was held on this motion,[9] so (F) excludes the entire period until the hearing was held on April 16. Stafford's indictment was dismissed the next day, April 17, a total of 33 non-excludable days after his arraignment October 20. Thus, his indictment was dismissed well before the 70 day limit had passed.

 The dates and calculations for Graham are the same as those for Stafford with two exceptions. The first is that Graham's indictment was dismissed over two months after the court dismissed Stafford's indictment. According to the government, the reason that Graham's indictment was not dismissed at the same time as Stafford's was that Graham did not appear at the

---

7. In *Bufalino,* the Second Circuit considered in detail an argument advanced by the government that (J) did not apply to pretrial motions, because they were intended for exclusion under (F). According to the government's argument, the entire period between the filing of the pretrial motion and its disposition (without hearing) was excludable under (F). After an extensive review of the legislative history of the Speedy Trial Act, the court concluded that (J) imposes a 30 day limitation on the exclusion period of a pretrial motion disposed of without a hearing. 683 F.2d at 644–45.

8. This was the finding of the magistrate at the April 16 hearing. We express no view as to whether in some circumstances a disposition may be "prompt," and thus qualify for exclu-

sion under (F), although it takes longer than the 30 day period contained in (J).

9. Stafford argues that the hearing was not for the purpose of considering his January 9 motion to dismiss, but rather was to consider his "renewed" motion to dismiss filed March 31. The record reflects, however, that the March 31 motion relied on the January 9 motion, adding only allegations as to trial events occurring subsequent to January 9. Moreover, if a renewed motion had the effect of reducing exclusion periods, defendants would need only periodically to renew pending motions in order to undermine the clear intent of Section 3161(h)(1)(F).

April 16 magistrate's hearing, although the transcript of the hearing indicates that Graham had received advance notice. We refuse to add to Graham's non-excludable time because of delay caused by his own inaction. *See* § 3161(h)(3)(A) (excluding "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness"). Further, prosecution of both defendants was, as the government suggests, "effectively suspended" when Stafford's indictment was dismissed on April 17. Clearly, if the Speedy Trial Act was violated as to Stafford, then it was violated as to Graham. To hold that we should not exclude the time after April 17 would amount to a finding that the government should have tried a defendant whose indictment was certain to be dismissed by the trial court. Thus, all the time after April 17 was excludable as to Graham. Alternatively, we note that on May 15 the government filed an appeal from Stafford's April 17 dismissal. The period between May 15 and June 23 is thus independently excludable under 18 U.S.C.A. § 3161(h)(1)(E) (excluding "delay resulting from any interlocutory appeal") and 18 U.S. C.A. § 3161(h)(7). Relying only on this exclusion would at most require the addition of 27 days of non-excludable time (from April 17 to May 15) to the existing total of 33 non-excludable days, for a total of 60—which is still less than that permitted by the statute.

The second difference between the calculation for Stafford and the calculation for Graham arises from the fact that Graham was arraigned on October 15—five days before Stafford's October 20 arraignment.

The government argues that we should nevertheless begin counting Graham's time from October 20, citing Section 3161(h)(7) and the legislative history behind that section. *See* S.Rep. No. 93–1021, 93d Cong., 2d Sess. 38 (1974). We need not reach this question, however, since, even under our alternative calculation for Graham, adding five days to 60 non-excludable days results in a total less than 70.[10]

Accordingly, we REVERSE the trial court's dismissal of each indictment and REMAND this case to the district court for reinstatement of the indictments.[11]

---

**10.** We note that in none of the three periods of time excluded in this case do we reach the question reserved in *DeLongchamps,* 679 F.2d at 220 n. 5—namely, "whether a motion carried with trial creates excludable time within the meaning of 18 U.S.C.A. § 3161(h)(1)(J)." Graham's *James* motion filed October 22 was carried with trial, and on February 5 the court indicated that other pending motions would also be postponed for decision at trial. But, as we noted above, the other six October 22 motions, to which (J) applies, were decided before trial. The December 15 motion did not raise an issue under (J) as it was decided "promptly"

within the meaning of (F). And the January 9 dismissal motion resulted in a hearing before trial; thus that motion also created excludable time under (F).

**11.** On remand, the government has an additional 70 days in which to bring these defendants to trial, or, if the trial court so determines, the Act provides that the government may have up to 180 days. *See* 18 U.S.C.A. § 3161(d)(2); Plan for Prompt Disposition of Criminal Cases (United States District Court, Southern District of Florida) at II–4(b).