UNITED STATES of America, Plaintiff-Appellee,

v.

Frederick Lee CAMPBELL, Defendant-Appellant.

No. 81–7572.

United States Court of Appeals, Eleventh Circuit.

June 6, 1983.

Bruce E. Pashley (Pashley, Mers & Grossman), Atlanta, Ga., for defendant-appellant.

Craig A. Gillen, Richard H. Dean, Asst. U.S. Attys., Atlanta, Ga., for plaintiff-appellee.

---

\* Honorable James P. Coleman, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

Before JOHNSON and ANDERSON, Circuit Judges, and COLEMAN \*, Senior Circuit Judge.

JOHNSON, Circuit Judge:

Appellant Frederick Lee Campbell was convicted in federal district court for conspiracy to possess with intent to distribute a quantity of cocaine hydrochloride and for aiding and abetting, in violation of 21 U.S.C.A. §§ 846, 841(a)(1) and 18 U.S.C.A. § 2. The only issue before us is whether a 266-day delay from Campbell's indictment to his trial constituted a violation of the Speedy Trial Act, 18 U.S.C.A. § 3161 *et seq.* We conclude that the Act was not violated and affirm his conviction.

Campbell was arrested on August 14, 1980, and first appeared before a magistrate later that same day. He was indicted, along with four co-defendants, on August 19 and was arraigned on September 2. The Speedy Trial Act, 18 U.S.C.A. § 3161(c)(1), requires that a defendant be tried within 70 days of the filing of the information or indictment, or of the date the defendant first appears before a judicial officer of the court, whichever occurs later. Thus, as Campbell and the government agree, the 70-day Speedy Trial period began the day after August 19. *See United States v. Mers,* 701 F.2d 1321, 1332 n. 6 (11th Cir. 1983). After August 19, three sets of pretrial motions were filed which triggered exclusions of time from the 70-day period. *See* 18 U.S.C.A. § 3161(h). We address each set of motions in turn.

■ 1. *Campbell's discovery and inspection motions.* The government contends that Campbell stopped the Speedy Trial clock on September 11, 1980—21 non-excludable days after August 19[1]—when he filed various discovery and inspection motions. Among the periods excluded in the 70-day Speedy Trial calculation is the "de-

1. In counting 21 days, we exclude September 2, the day that Campbell was arraigned. *See* § 3161(h)(1) (excluding "delay resulting from other proceedings concerning the defendant"); *United States v. Mers,* 701 F.2d at 1332 n. 6.

lay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(F). The magistrate ruled on Campbell's motions on October 2, 21 days after they were filed, so the government argues that the Speedy Trial clock stopped until October 3. Campbell agrees that normally Section 3161(h)(1)(F) would exclude all 21 days during which the motions were pending,[2] but suggests that no time may be excluded under Section 3161(h) during the initial 30 days following his first appearance with counsel. His argument finds no support in the language of the Act and is based on his misunderstanding of certain statements contained in the Guidelines to the Administration of the Speedy Trial Act of 1974, as Amended (1979) (the Guidelines), published by the Committee on the Administration of the Criminal Law of the Judicial Conference of the United States.[3] Moreover, the same argument recently was squarely rejected in this Circuit in *United States v. Mers,* 701 F.2d at 1332–35. Even before *Mers,* we consistently upheld exclusions under Section 3161(h) occurring during this 30-day period. *See, e.g., United States v. Struyf,* 701 F.2d 875, 878 (11th Cir.1983); *United States v. Stafford,* 697 F.2d 1368, 1374 (11th Cir.1982); *United States v. DeLongchamps,* 679 F.2d 217, 220 (11th Cir.1982).

2. *The co-defendants' "Northside Realty" motions.* During the pendency of the discovery and inspection motions, Campbell's four co-defendants filed motions to dismiss based on alleged statutory and constitutional defects in the selection and empanelment of grand juries in the Northern District of Georgia. Campbell did not file such a motion. On November 14, 1980, while the motions were still pending, the trial court certified as excludable time pursuant to Section 3161(h)(8)(B)(ii) the time from the filing of the motions to their disposition.[4] The dismissal motions were consolidated with several other similar motions and, following evidentiary hearings, the district court on March 17, 1981, dismissed the indictments of all four of Campbell's co-defendants. *United States v. Northside Realty Associates,* 510 F.Supp. 668 (N.D.Ga. 1981), *rev'd sub nom. United States v. Bearden,* 659 F.2d 590 (5th Cir.1981), *cert. denied,* 456 U.S. 936, 102 S.Ct. 1993, 72 L.Ed.2d 456 (1982).

■ After the dismissal orders were entered, the trial court adopted a magistrate's recommendation to exclude, pursuant to Section 3161(h)(7), all time as to Campbell from September 17, 1980, when the first of Campbell's co-defendants filed his motion to

---

**2.** Campbell does not allege that their disposition was not "prompt" within the meaning of § 3161(h)(1)(F).

**3.** The statements in the Guidelines pertain to § 3161(c)(2), which protects defendants by providing that "the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to appear pro se." In discussing this section, the Guidelines reasonably point out that, in measuring this 30-day period, the exclusions contained in § 3161(h) should not apply. *See* Guidelines at 12–14. This is, however, a far cry from suggesting—and the Guidelines do not suggest—that the exclusions in § 3161(h) also should not apply to the first 30 days of the 70-day period described in § 3161(c)(1).

**4.** Section 3161(h)(8)(A) permits exclusion of "[a]ny period of delay resulting from a continuance granted" based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" if "the court sets forth ... its reasons for [so] finding." The district judge in this case stated in a written order that the ends of justice were served by exclusion "based on the Court's determination that the motion to dismiss involves unusual and complex factual and legal issues." Campbell criticizes this finding as not meeting subsection (A)'s requirement that the court "set forth ... its reasons." Although in some cases more particularized reasons may be called for, we cannot fault the trial court in this case. Section 3161(h)(8)(B)(ii) includes as a factor for consideration "[w]hether the case is so unusual or complex ... that it is unreasonable to expect adequate preparation for ... the trial ... within the time limits established by this section." A review of the district court opinion in *United States v. Northside Realty Associates,* 510 F.Supp. 668 (N.D.Ga.1981), clearly confirms the unique and complex nature of these motions.

dismiss, through March 17, 1981. Section 3161(h)(7) provides for exclusion from the 70-day Speedy Trial period of "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Campbell does not allege that any severance motion was granted prior to the dismissal of his co-defendants on March 17.[5] Moreover, the record supports a determination that the delay caused by the co-defendants' motions was reasonable in light of their importance and complexity. See note 4 supra. And the "time for trial ha[d] not run" for Campbell's co-defendants as of September 17, when the first dismissal motion was filed. See United States v. Davis, 679 F.2d 845, 849 (11th Cir.1982), cert. denied, —— U.S. ——, 103 S.Ct. 1198, 75 L.Ed.2d 441 (1983). Thus, we hold that the district court correctly decided that the (h)(7) exclusion applied.

■ Although Campbell acknowledges that the (h)(7) exclusion applied to him, he disagrees with the manner in which the district court calculated the amount of time excluded. According to the magistrate's recommendation, which the district court adopted, the Speedy Trial clock stopped on September 17 and started again on March 18, the day after the Northside Realty decision. We have already counted 21 non-excludable days before Campbell stopped the clock with his discovery and inspection motions on September 11. Thus, according to the magistrate's calculations, the 22nd non-excludable day began on March 18. This approach, which simply stops the clock for one defendant in the same manner and for the same amount of time as for all co-defendants, follows the interpretation of (h)(7) adopted in this Circuit. See United States v. Struyf, supra, 701 F.2d at 878 ("[A]n exclusion applicable to one defendant applies to all codefendants."); United States v. Stafford, supra, 697 F.2d at 1372 ("[T]he rule in this Circuit is that the delay

caused by one defendant is excludable as to his codefendants."); United States v. Varella, 692 F.2d 1352, 1358–59 (11th Cir.1982). This also appears to be the interpretation of the Eighth Circuit, United States v. Fogarty, 692 F.2d 542, 546 (1982), the D.C. Circuit, United States v. Edwards, 627 F.2d 460, 461, cert. denied, 449 U.S. 872, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980), and the Second Circuit, United States v. McGrath, 613 F.2d 361, 366 (2d Cir.1979), cert. denied, 446 U.S. 967, 100 S.Ct. 2946, 64 L.Ed.2d 827 (1980).

Against this method of calculating excludable time under (h)(7), Campbell cites the Judicial Conference's Guidelines (p. 52), which describe the starting and stopping point for the (h)(7) exclusion as follows:

Starting date. The day following the day that would otherwise have been the last day for commencement of trial for the particular defendant.

Ending date. Subject to the "reasonableness" limitation, the latest permissible date for commencement of the trial of any codefendant with whom the defendant is joined for trial. Alternatively, if earlier, the date on which the defendant's joinder ends because severance is granted, the codefendant pleads guilty, or other reasons.

The difference between this calculation and the calculation of the district court is that, while the district court began excluding time for Campbell as soon as the first dismissal motion was filed, the Guidelines suggest beginning the exclusion period only after all 70 days of Campbell's Speedy Trial time otherwise would expire. Not considering the dismissal motions of Campbell's co-defendants, Campbell's 70-day period would have run on November 21, 1980. The Guidelines therefore would begin the (h)(7) exclusion on November 22 and, like the district court, end the exclusion the day his co-defendants were dismissed. This means that March 18 would mark the beginning of the 71st day for Campbell without trial

---

5. The record suggests that, at a magistrate's hearing, Campbell orally adopted a motion made by his co-defendants for severance (on grounds unrelated to Campbell's desire for a speedy trial). The magistrate denied the motion, and Campbell never filed a severance motion with the clerk.

having begun, in violation of the Speedy Trial Act.

We decline to follow the Guideline's suggested calculation for excluding time under (h)(7). As indicated above, this Circuit, along with other circuits, reads (h)(7) to exclude the same amount of time for one defendant as is excluded for his co-defendants. *See Struyf, supra; Stafford, supra.*[6] Even if we were not bound by the interpretation espoused in these cases, however,[7] we would be inclined to follow it. The wording of (h)(7) fairly supports either the Guidelines interpretation or the interpretation used in the cases,[8] but in our view the Guidelines interpretation could undermine the spirit and purpose of the Speedy Trial Act. The legislative history of the Act indicates that the purpose of the (h)(7) exclusion was to avoid requiring the government to seek severance in multi-defendant trials. As we noted in *United States v. Varella,* 692 F.2d at 1359, "Congress recognized the utility of multi-defendant trials to effectuate the prompt efficient disposition of criminal justice. It felt that the efficiency and economy of joint trials far outweighed the desirability of granting a severance where the criterion was simply the passage of time." Yet under the Guidelines approach, each defendant would calculate his exclusion differently while a co-defendant's motion is pending. If more than 70 Speedy Trial days have elapsed once the co-defendant's motion is disposed of, the defendant's trial status depends completely on which of several possible outcomes occurs. If he remains joined with his co-defendants, he effectively adopts their Speedy Trial time table unless and until he files a motion on his own. If his co-defendants are dismissed, the outcome of their motions requires severance, or for any other reason their interests diverge, the government may have to bring him to trial within one day.[9]

---

**6.** In *Struyf,* the court stated that "Struyf's argument that the statutory time period [of the Speedy Trial Act] was exceeded rests in large part on his inclusion of time periods during which various pre-trial motions of his codefendants were pending." In an accompanying table that listed the pretrial motions, the court indicated that it "exclud[ed] those periods during which pre-trial motions of Struyf's codefendants were pending." 701 F.2d at 878. Moreover, in listing the exclusions applicable under (h)(7) to Struyf, the court apparently made no effort to limit the period excluded to the time after the point at which 70 Speedy Trial days had otherwise elapsed.

In *Stafford,* the Speedy Trial clock began on October 21. Stafford's co-defendant Graham filed pretrial motions on October 22, and the court held that under (h)(7) the clock stopped on that day for both defendants. 697 F.2d at 1374. Obviously, the 70-day period had not expired for Stafford on October 22, when the court began excluding his time.

Other courts calculate the (h)(7) exclusion in the same manner. For example, in *United States v. Fogarty,* 692 F.2d at 545, the Eighth Circuit excluded 61 days for Fogarty's three co-defendants who had filed various pretrial motions beginning on October 15, 1981. The Speedy Trial clock had started for all four defendants on September 8, 1981. The court excluded all 61 days for Fogarty under (h)(7), even though far fewer than 70 days had passed when his co-defendants' exclusion period began on October 15. *Id.* at 546–47. *See also United States v. Bufalino,* 683 F.2d 639, 641 (2d Cir. 1982) (exclusion of time for co-defendant's bail

hearing four days after arraignment), *cert. denied,* —— U.S. ——, 103 S.Ct. 727, 74 L.Ed.2d 952 (1983); *United States v. Manbeck,* 514 F.Supp. 152, 154 (D.D.C.1981) (applying *United States v. Edwards,* 627 F.2d at 461).

**7.** The Guidelines, of course, are not binding, *see* Guidelines at i, and Campbell cites no cases in this or any other circuit that follow their interpretation of (h)(7).

**8.** In contrast with the precision in other exclusions such as § 3161(h)(1)(F), (h)(7) states only that "a reasonable period of delay" is excluded.

**9.** We believe that the remedy suggested by Campbell for this situation—namely, for the government to seek a continuance and then exclusion under § 3161(h)(8) on the day that severance or dismissal occurs, *see Guidelines* at 56—may be both impractical and unfair to defendants. In this case, for example, the district judge mentioned that copies of the *Northside Realty* decision were not even available to the judges of the Northern District of Georgia for at least three to four days. It would seem unrealistic to expect the government to seek a continuance before even knowing the contents of the order. Further, relying on continuances to prevent the tolling of the Speedy Trial Act would destroy the certainty for defendants who wish, on any given day, to know their Speedy Trial status and assert their rights accordingly. As the record in this case indicates, the first § 3161(h)(8) exclusion order granted contained no ending date. In fact, excessive reliance on

The confusion caused by this approach, particularly if dismissal or severance occurs, would in our view undermine the Act's goal of certainty and fairness for defendants.

▌ Therefore, we hold that the same amount of time that was excluded for the co-defendants under § 3161(h)(8) was also excludable for Campbell under § 3161(h)(7). Campbell, however, also attacks the district court's calculation of the (h)(8) exclusion for his co-defendants, again relying on the interpretation espoused in the Judicial Conference's Guidelines. As with the (h)(7) exclusion, the Guidelines would not begin the (h)(8) exclusion period until after the co-defendants' 70-day periods had expired.[10] We reject this approach in part for the same reasons that we rejected it for the (h)(7) exclusion calculation. Additionally, in this case the trial judge specifically found that the ends of justice required exclusion from September 17 to March 17. Rather than requiring one single approach to the (h)(8) calculation, as the Guidelines suggest, we think it preferable to permit the trial court to exercise its discretion, based on the particular facts of each case, and determine when an (h)(8) exclusion should begin and end. Reviewing the dis-

trict court's decision in this case in this light, we hold that the district court did not abuse its discretion in finding that the *Northside Realty* motions warranted an (h)(8) exclusion beginning on September 17.[11]

▌ 3. *Campbell's motion to dismiss.* After March 17, 16 non-excludable days passed until April 3, when Campbell filed a motion to dismiss for violation of the Speedy Trial Act. Following a magistrate's recommendation in favor of the government, the district court held a hearing for argument on the motion on May 11. The court denied the motion and Campbell's trial began the next day. Section 3161(h)(1)(F) provides for exclusion of all time between the filing of any pretrial motion and either a) its "prompt" disposition or b) a hearing, if any, on the motion. We need not decide whether the disposition of Campbell's dismissal motion was prompt in light of the May 11 hearing. Section 3161(h)(1)(F) excludes by its terms all time from the filing of the motion to the hearing. *United States v. Stafford,* 697 F.2d at 1373 & n. 4.[12]

Accordingly, 21 non-excludable days passed from August 19 to September 11 and

---

continuances could result in delays before trial far in excess of those permitted under the approach that we follow today. A trial court's decision to continue a trial to any given date lies within its discretion so long as it furthers the "ends of justice." Under the approach we follow, on the other hand, the government would remain bound by the 70-day period contained in § 3161(c)(1).

**10.** The Guidelines describe the (h)(8) starting date as "[t]he day following the day that would otherwise have been the last day for commencement of trial." The ending date is described as "[t]he date to which the trial ... was continued." Guidelines at 61.

**11.** Our conclusion that the Speedy Trial clock stopped on September 17 is further supported by the fact that, for Campbell's co-defendants, virtually all of the time that the *Northside Realty* motions were pending would probably also have been excludable under § 3161(h)(1)(F) and § 3161(h)(1)(J).

**12.** In *United States v. Cobb,* 697 F.2d 38, 43–46 (2d Cir.1982), the Second Circuit superimposed a "reasonableness" limitation upon the open-

ended exclusion for pretrial motions resulting in hearings. The court held that "no excludable time would be allowed" in the event that "the trial judge should find that the period of delay is not reasonably necessary for processing the motion." *Id.* at 46. Because we find the delay from April 3 to May 11 was under the circumstances of this case reasonable, we need not decide whether, as the *Cobb* court suggests, exclusion might sometimes be inappropriate if the delay before the hearing is held is unreasonable.

If no hearing had been held on Campbell's dismissal motion, most of this time nevertheless would have been excludable under § 3161(h)(1)(J). Under that section, a maximum of 30 days' exclusion is permitted during the time that a motion is "actually under advisement by the court." A motion is under advisement starting when the court receives all the papers it expects from the parties. *United States v. Stafford,* 697 F.2d at 1373 & n. 5. In this case, the government filed its response to Campbell's dismissal motion on April 16, so the exclusion under § 3161(h)(1)(J) would have run from April 16 to May 11.

**1144**

an additional 16 non-excludable days passed from March 17 to April 3. The total of 37 non-excludable days being less than 70, Campbell's Speedy Trial rights were not violated.

AFFIRMED.