**UNITED STATES of America**

v.

**Leah THURLOW, a/k/a Leah Geisenger.**

**Crim. No. 88–00072 P.**

United States District Court, D. Maine.

March 28, 1989.

Jay P. McCloskey, Asst. U.S. Atty., Bangor, Me., for the Government.

David R. Beneman, Portland, Me., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

GENE CARTER, District Judge.

### I. INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss for violation of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, filed on February 10, 1989. Defendant Leah Thurlow, a/k/a Leah Geisenger, brings this motion pursuant to 18 U.S.C. § 3162(a)(2), arguing that the Government failed to bring Defendant to trial within the seventy (70) day time limit established by 18 U.S.C. § 3161(c)(1). In accordance with the analysis that follows, the Court hereby grants Defendant's motion to dismiss.

## II. STATEMENT OF FACTS

The following dates are relevant to the Court's analysis of Defendant's motion to dismiss. On October 26, 1988, a federal grand jury indicted Defendant on one count of forgery in violation of 18 U.S.C. § 510. Defendant appeared at arraignment before United States Magistrate Cohen and entered a plea of not guilty on November 4, 1988. On November 23, 1988, the parties were ordered by this Court to confer and advise the Court by December 15, 1988 whether the matter was firm for trial or whether a change in plea would be forthcoming. The Court also advised that any change in plea must be entered by December 30, 1988. On December 7, 1988, Defendant notified the Court that there would be a change of plea.

Change of plea proceedings were held on December 22, 1988, upon which the Court found that there was an insufficient factual basis for the guilty plea and, therefore, rejected Defendant's change of plea. Upon Defendant's motion, the Court granted the parties ten days in which to file additional motions. The Court issued a speedy trial order pursuant to 18 U.S.C. section 3161(h)(8)(A), excluding the period from December 23, 1988 through January 9, 1989, encompassing the ten days granted for additional motions.

On February 9, 1989, Defendant filed the motion to dismiss that gives rise to the present action. Defendant here argues that seventy-eight (78) applicable days have passed since Defendant's arraignment and plea of not guilty on November 4, 1988. Defendant calculates the time as follows:

| | |
|---|---|
| November 5 to December 23, 1988 | = 48 days |
| January 10 to February 8, 1989 | = 30 days |
| Total: | = 78 days |

Defendant argues that none of the seventy-eight days so calculated is excludable under 18 U.S.C. § 3161(h)(1), that she has met her burden of bringing the motion to dismiss, and that, therefore, the Speedy Trial

---

1. Thirty days elapsed between January 10, 1989, and February 9, 1989, the day on which Defendant filed the instant motion to dismiss. Because the time that elapses during the pendency of a motion to dismiss for a Speedy Trial Act

---

Act dictates that this Court dismiss the Government's case against her.

## III. ANALYSIS

### A. Calculation of Speedy Trial Act Delay

The Speedy Trial Act requires that, in any case in which a plea of not guilty is entered,

> the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date later occurs.

18 U.S.C. § 3161(c)(1). Under the Act, certain periods of delay are excluded from the tolling of the seventy-day time limit, as indicated by a non-exhaustive list of automatic exclusions included in the Act. 18 U.S.C. § 3161(h)(1)(A–J); *United States v. Jodoin*, 672 F.2d 232, 238 (1st Cir.1982). If a defendant is not brought to trial within the seventy-day time limit required by section 3161(c)(1), as extended by section 3161(h)(1), the information or indictment must be dismissed on motion of the defendant. 18 U.S.C. § 3162(a)(2); *United States v. Jodoin*, 672 F.2d 232.

In its memorandum in opposition to Defendant's motion to dismiss, the Government argues that the Court's rejection of Defendant's change of plea from not guilty to guilty begins on December 23, 1988, a new seventy-day period for purposes of the Speedy Trial Act. Because the Court has excluded the period of time from December 23, 1988 to January 9, 1989, the Government's argument would mean that only thirty includable days have passed on the restarted Speedy Trial Act clock.[1]

In support of its argument, the Government points to section 3161(i) of the Speedy Trial Act, which provides that when a de-

---

violation is excludable, no additional time has accrued since the filing of Defendant's motion on February 9th. 18 U.S.C. § 3161(h)(1)(F); *United States v. Stafford*, 697 F.2d 1368, 1372 (11th Cir.1983).

fendant pleads guilty but later withdraws that plea, "the defendant shall be deemed indicted ... on the day the order permitting withdrawal of the plea becomes final." Thus, where a defendant changes a plea to guilty and later withdraws the guilty plea, the withdrawal is treated as an indictment for Speedy Trial Act purposes, and a new seventy-day period begins. 18 U.S.C. § 3161(i), *United States v. Cordero,* 668 F.2d 32 (1st Cir.1981).[2] The Government argues that the situation now before the Court, in which Defendant's guilty plea was rejected instead of withdrawn, is sufficiently analogous to warrant resetting the Speedy Trial Act clock.

The Court does not agree with the Government's analysis. The purpose of section 3161(i) is to prevent defendants from plotting to plead guilty and then withdrawing the plea in order to exploit the Speedy Trial Act time limit. *United States v. Carter,* 804 F.2d 508, 512 (9th Cir.1986), *citing United States v. Mack,* 669 F.2d 28, 31–32 (1st Cir.1982). Without section 3161(i), a defendant

> could withdraw his plea after the expiration of the time limits and move for dismissal. Similarly, he could withdraw the plea late in the time limits and leave the Government with little time to prepare its case in order to meet the time limit.

*United States v. Mack,* 669 F.2d at 31, *citing* A. Partridge, *Legislative History of Title 1 of the Speedy Trial Act of 1974* 188 (Fed. Judicial Center 1980) (quoting letter of then-Assistant Attorney General William H. Rehnquist dated October 19, 1971). Thus, section 3161(i) was included to thwart a conscious effort on the part of the defendant to gain a dismissal under the Speedy Trial Act by withdrawing a guilty plea prior to sentencing.

The situation in the instant case, in which a defendant's guilty plea was rejected for lack of a sufficient evidentiary basis for the plea, does not fit within the scope of section 3161(i) treatment. Under the scenario section 3161(i) was intended to prevent, the defendant retains the right to withdraw his guilty plea at any time up until sentencing, and may manipulate the timing of his guilty plea and subsequent withdrawal in order to gain a Speedy Trial Act dismissal. In contrast, a defendant has no control over the Court's decision of whether or not to accept defendant's guilty plea, rendering it much more difficult to make strategic use of the plea for Speedy Trial Act purposes.

It is extremely unlikely that a defendant could manipulate the Speedy Trial Act time period by offering a guilty plea, expecting that the judge would reject it. For such a plan to work, the defendant would have to be sufficiently confident in either the merits of his own case or the weakness of the Government's in order to count on a rejection of the plea by the court. When a defendant offers a guilty plea, the court must satisfy itself that there is a sufficient evidentiary basis to support the plea. In the absence of such evidentiary basis, the plea is rejected. If, however, the defendant could realistically plan his strategy around the court's rejection of his guilty plea, the merits of his case would presumably be strong enough that a guilty plea, in lieu of taking his case to trial, would be an unwise legal strategy. In addition, there is always the possibility that such a plan could backfire. If the court were to unexpectedly accept the guilty plea, the defendant would be forced to either live with the terms of the plea agreement, or face a restarting of the Speedy Trial Act clock by

2. 18 U.S.C. § 3161(i) provides as follows:
   If trial did not commence within the time limitation specified in section 3161 [this section] because the defendant had entered a plea of guilty or nolo contendere subsequently withdrawn to any or all charges in an indictment or information, the defendant shall be deemed indicted with respect to all charges therein contained within the meaning of sec-

tion 3161 [this section] on the day the order permitting withdrawal of the plea becomes final.

This language does not expressly provide for a dismissal sanction under section 3162, but section 3162 is made applicable by the "deemed indicted" language of section 3161(i). *United States v. Mack,* 669 F.2d 28, 31 (1st Cir.1982).

withdrawing the plea prior to sentencing.[3]

Furthermore, applying section 3161(i) to guilty pleas rejected by the court would chill the defendant's option of entering such a plea. Applying section 3161(i) to rejected guilty pleas would inject a negative factor into a defendant's decision of whether or not to enter a plea, because the defendant would face an additional delay of up to seventy days in the event that the court rejects his plea. If a defendant knows he faces the possibility that the Court will reject his plea, and that the Speedy Trial Act clock will be reset automatically as a result, he may be less likely to plead guilty. The Speedy Trial Act's purpose is to ensure that a Defendant does not endure an undue delay in his being brought to trial, not to upset the *status quo* in the federal court plea bargaining arena. In short, the Court disagrees with the Government's argument that Defendant's rejected guilty plea requires a resetting of the Speedy Trial Act clock under section 3161(i).

■ The Government also urges the Court to exclude from the Speedy Trial Act calculation the period of time from December 7, 1988, when Defendant notified the Court of his intent to enter a guilty plea, until December 22, 1988, when the Court held its Rule 11 hearing on Defendant's plea. The Government argues that a failure to exclude this time period will encourage a defendant to give the court notice of intent to change his plea to guilty, and then simply wait until the seventieth day has passed to advise the court that he no longer intends to plead guilty while simulta-

neously moving for dismissal under the Speedy Trial Act.

The Government's argument overlooks the fundamental fact that delay between the time of notice and the time of the Rule 11 hearing in this case was entirely a question of court scheduling, which is not a basis upon which the Speedy Trial Act calculation may be suspended. This is not, as the Government urges, analogous to the filing of a pretrial motion, which stops the Speedy Trial Act clock under section 3161(h)(7). The filing of such a motion stops the clock in order to give the court sufficient time to complete consideration of the substance of the motion and rule accordingly. Here, however, the delay from December 7 to December 23, 1988 was not a result of the Court's need for time to consider the merits. Rather, the delay was caused by the simple fact that this is a very busy Court, and scheduling such a hearing is not something that may always be accomplished immediately. The Act specifically provides that where general congestion of the courts causes a delay, it is not a sufficient basis for exclusion of time from the Speedy Trial Act clock. 18 U.S.C. § 3161(h)(8)(C).[4] Therefore, the Court may not grant an extension of time accrued under the Speedy Trial Act for the period between Defendant's notice to the Court and the day of the Rule 11 hearing, because the delay was due solely to the Court's scheduling requirements.

Finally, the Government has argued that two additional days are to be excluded from the Speedy Trial Act calculations. The Government argues that November 23,

---

3. The Court is careful to point out that the Rule 11 hearing is conducted primarily to determine whether or not there is a sufficient factual basis to warrant acceptance of the defendant's guilty plea and to establish the voluntary and knowing nature of the defendant's action. The Court does not suggest that a rejection of a guilty plea at the Rule 11 hearing indicates whether or not the defendant will be found guilty at trial. The Court simply questions why a defendant who is so confident that the court will reject his plea for lack of a factual basis would choose such a risky strategy in lieu of trying the case.

4. Section 3161(h)(8)(A) gives the trial judge discretion to grant exclusions of time where the

continuance is granted either by the judge on his own motion or on the motion of either of the parties, if the judge finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. Section 3161(h)(8)(C), however, creates an exception to subparagraph (8)(A):

No continuance under subparagraph (A) of this paragraph shall be granted because of *general congestion of the court's calendar,* or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government [emphasis supplied].

1988, on which day the Court issued a pretrial order, and December 7, 1988, on which day Defendant notified the Court of her intent to enter a guilty plea, should be excluded. The Court finds that it need not consider the merits of the Government's argument concerning the exclusion of these dates. Even if the Court were to accept the Government's argument to exclude these two days, a total of seventy-four countable days have elapsed since Defendant's arraignment, calculated as follows:

| | |
|---|---|
| November 5, 1988 through November 22, 1988 | 18 days |
| November 24, 1988 through December 6, 1988 | 13 days |
| December 8, 1988 through December 21, 1988 * | 13 days |
| January 10, 1989 through February 8, 1989 | 30 days |
| Total: | 74 days |

The total of seventy-four countable days since the date of Defendant's arraignment exceeds by four days the maximum delay permitted. The Court thus concludes that this delay violates section 3161(c)(1) of the Speedy Trial Act.

### B. Sanctions Under the Speedy Trial Act

 According to section 3162(a)(2) of the Speedy Trial Act, if a defendant is not brought to trial within the time limit required by section 3161(c), as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant. The defendant bears the burden of proof of supporting such motion. 18 U.S.C. § 3162(a)(2). The Court finds that the Defendant has met this burden of proof, and now looks to determine whether the dismissal should be with or without prejudice, guided by the language of section 3162(a)(2).

The Court's determination of dismissal with or without prejudice is guided by the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of the Speedy Trial Act as well as the administration of justice. 18 U.S.C. § 3162(a)(2).

The Court emphasizes that unlawfully signing and negotiating a check from the United States Treasury is a very serious offense. Without in any way diminishing the seriousness of the offense for which Defendant now faces charges, however, the Court notes that the amount of the check involved here, $247.72, is relatively small, and that a failure to prosecute would not have devastating consequences. This factor favors a dismissal with prejudice.

On the other hand, the facts and circumstances surrounding this case weigh in favor of a dismissal without prejudice. The Government is not responsible for the Court's need for time to consider the plea before it, and there has been no indication that the Government has engaged dilatory tactics in order to prejudice the Defendant.

Finally, prosecution will have no significant adverse impact on the administration of justice or the Speedy Trial Act. This is a simple, one-count case that will require minimal trial time and preparation once it is before the Court. The case can be prosecuted without undue prejudice to the interests of both parties as well as the Court.

Weighing these factors, the Court concludes that this case should be dismissed without prejudice.

### IV.  ORDER

It is ORDERED that Defendant's motion to dismiss the indictment be, and it is hereby, GRANTED.

---

* December 22, 1988, the day on which the Court conducted its Rule 11 hearing, is excludable under 18 U.S.C. § 3161(h)(1)(F).