**Robert W. FOWLER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 25473.

United States Court of Appeals
Fifth Circuit.

March 15, 1968.

Robert W. Fowler, pro se.

Donald Bierman, Asst. U. S. Atty., Miami, Fla., for appellee.

Before WISDOM and BELL, Circuit Judges.*

PER CURIAM:

Proceeding under 28 U.S.C.A. § 2255, appellant attacks the sentence entered on his plea of guilty to an indictment charging him with the unlawful purchase and sale of heroin. He had been previously convicted of the same offense after a jury trial. At his instance, we reversed and remanded for a new trial. Fowler v. United States, 5 Cir., 1962, 310 F.2d 66.

The original indictment was dismissed upon motion of the government in 1965 and a new indictment, charging appellant with the same offenses, was returned. He thereupon entered his plea of guilty to the charges.

The basis of the attack on the sentence which he is now serving is two-fold. He alleges that the second indictment and trial was approximately two and one half years after the reversal of his original conviction and that this subjected him to double jeopardy and denied him a speedy trial.

A subsequent prosecution after defendant has sought and obtained a new trial does not constitute double jeopardy. See Bryan v. United States, 1950, 338

---

* Circuit Judge Dyer, a member of this panel, recused himself from this case.

U.S. 552, 560, 70 S.Ct. 317, 94 L.Ed. 335; United States v. Ball, 1896, 163 U.S. 662, 672, 16 S.Ct. 1192, 41 L.Ed. 300. Cf. United States v. Ewell, 1966, 383 U.S. 116, 121–122, 124, 86 S.Ct. 773, 15 L. Ed.2d 627. See also Gilmore v. United States, 5 Cir., 1959, 264 F.2d 44, cert. den., 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed. 2d 982.

 Appellant's plea of guilty forecloses his allegation that he was denied a speedy trial. His voluntary plea constituted a waiver of all non-jurisdictional defects. Busby v. Holman, 5 Cir., 1966, 356 F.2d 75. The issue of the right to a speedy trial is non-jurisdictional in nature. United States v. Doyle, 2 Cir., 1965, 348 F.2d 715.

The District Court did not err in denying relief to appellant.

Affirmed.