**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Hernando YUNIS, Defendant-Appellant.**

No. 82–5907
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 23, 1984.

Entin, Schwartz, Dion & Sclafani, Ronald A. Dion, North Miami Beach, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Nancy L. Worthington, James G. McAdams, III, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

RONEY, Circuit Judge:

The question in this case is whether a defendant who has knowingly and voluntarily entered a guilty plea may appeal the district court's earlier refusal to dismiss the

indictment on the ground that he was denied the right to a speedy trial in violation of the Speedy Trial Act, 18 U.S.C.A. §§ 3161–3174. Holding that defendant's speedy trial claim was waived by the guilty plea, we affirm.

Hernando Yunis was indicted February 5, 1982 on two counts of conspiracy and possession of cocaine with intent to distribute. After numerous pretrial motions in the case, on May 26, 1982 Yunis sought to dismiss the indictment for unnecessary delay. The court denied the motion to dismiss. Pursuant to a plea bargain, Count II of the indictment was dropped, and Yunis pled guilty to Count I.

■ A defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all *nonjurisdictional* defects in that defendant's court proceedings. *Ferguson v. United States,* 699 F.2d 1071, 1073 (11th Cir.1983); *United States v. Sepe,* 474 F.2d 784, 787 (5th Cir.1973); *Fowler v. United States,* 391 F.2d 276, 277 (5th Cir.1968). The right to a speedy trial has repeatedly been held to be nonjurisdictional, both before and after the passage of the Speedy Trial Act. *See United States v. Jackson,* 659 F.2d 73, 73–74 (5th Cir. Unit B 1981), *cert. denied,* 455 U.S. 1003, 102 S.Ct. 1637, 71 L.Ed.2d 870 (1982); *United States v. Broussard,* 645 F.2d 504, 505 (5th Cir.1981); *Fowler v. United States,* 391 F.2d 276, 277 (5th Cir.1968). Yunis's guilty plea therefore foreclosed his right to assert the nonjurisdictional issue of the denial of a speedy trial on this appeal. A defendant cannot plead guilty and preserve for appeal a speedy trial claim.

In order to forestall any suggestion that Yunis's plea might have been conditioned on the right to appeal his speedy trial claim, a position that would be untenable for any guilty plea after this decision, we note that no violation of the Speedy Trial Act, 18 U.S.C.A. §§ 3161–3174, occurred in this case.

Section 3161(c) of the Act provides essentially a seventy-day period within which a defendant must be tried.

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. . . .

18 U.S.C.A. § 3161(c). Since the Act applies only "in any case in which a plea of not guilty is entered," it would appear that when Yunis withdrew his not guilty plea, the Act was no longer applicable to him. Nevertheless, the time period did not exceed that allowed by the Act.

■ Where the defendant is arrested and makes an initial appearance before a magistrate prior to indictment, the seventy-day period runs from the date of his later indictment. *United States v. Severdija,* 723 F.2d 791 (11th Cir.1983) [1983]; *United States v. Haiges,* 688 F.2d 1273, 1274 (9th Cir.1982). *See United States v. Carrasquillo,* 667 F.2d 382, 384 (3d Cir.1981). Yunis's appearance before the magistrate on January 29, 1982, the day after his arrest, constituted an appearance "before a judicial officer of the court in which [the] charge is pending." The date of his indictment, February 5, which occurred after that appearance, was the date which "last occur[red]" and therefore triggered the time limitations of the Speedy Trial Act. The government was required to bring Yunis to trial within seventy days of February 5, 1982, absent any exclusion of time under the Act.

Section 3161(h)(1) allows the district court to exclude from the computation of the pretrial period "[a]ny period of delay resulting from other proceedings concerning the defendants. . . ." This includes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other

prompt disposition of, such motion," 18 U.S.C.A. § 3161(h)(1)(F).[1]

These exclusions must be taken into consideration in determining whether Yunis was brought to trial within seventy days of February 5, 1982. The chart at the end of this opinion shows the events in this case and the days which are excluded from the seventy-day pretrial period.

In calculating includable time, both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded. *See* 18 U.S.C.A. § 3161(h)(1)(F). *See, e.g., United States v. Campbell,* 706 F.2d 1138 (11th Cir.1983). The time between Yunis's indictment and his arraignment (11 days) is included in computing the pretrial period under the Act. The date of the indictment and the date of arraignment are excluded. *See United States v. Severdija,* 723 F.2d 791 (11th Cir.1983) [1983]; *United States v. Campbell,* 706 F.2d 1138, 1139 n.1 (11th Cir.1983); *United States v. Mers,* 701 F.2d 1321, 1332 n.6 (11th Cir.1983); *United States v. Haiges,* 688 F.2d 1273 (9th Cir.1982). The time between arraignment and the filing of the government's motion to extend time for compliance with the court's discovery order is included (8 days). The period during which the government's motion was under consideration by the court is probably excludable, although this decision does not turn on that point. 18 U.S.C.A. § 3161(h)(1)(J). The period from March 1 through March 10, when at least sixteen motions by Yunis were being considered, is excludable. The time from March 9 through April 13 was excludable because the court was considering pretrial motions filed by Yunis's co-defendants. *See United States v. Campbell,* 706 F.2d 1138, 1141 (11th Cir.1983). The time between April 13,

when the court ruled on co-defendant Froilan's motion and May 26, when Yunis filed his motion to dismiss (42 days) is included. The time from the filing of Yunis's motion to dismiss to the denial of that motion on June 2 is excludable. *See Campbell,* 706 F.2d at 1143. Accordingly, a total of only 61 non-excludable days elapsed between Yunis's indictment on February 5, 1982 and the entry of his guilty plea on June 2, 1982, and no violation of the Speedy Trial Act occurred.

We note that it is unnecessary to decide defendant's argument that the government's motion to extend time for compliance with the discovery order should not be excluded. Even if that time were included, it would only add three days to the total, which still would not exceed the statutory seventy days. Clearly the pretrial motions of co-defendants involve excludable time, contrary to Yunis's argument. *See Campbell,* 706 F.2d at 1140–41; *United States v. Stafford,* 697 F.2d 1368, 1372 (11th Cir. 1983); *United States v. Varella,* 692 F.2d 1352, 1358 (11th Cir.1982); 18 U.S.C.A. § 3161(h)(7).

AFFIRMED.

SPEEDY TRIAL CHART
X = excludable day
* = not decided in this case

February 1982

| | | |
|---|---|---|
| 5 | X | Indictment |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | X | Arraignment |
| 18 | | |

\* \* \* \* \* \*

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.

---

1. 18 U.S.C.A. § 3161(h)(1)(F) provides:
   (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
   (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

SPEEDY TRIAL CHART

**February 1982**

19 ——
20 ——
21 ——
22 ——
23 ——
24 ——
25 ——
26  *  Government's Motion to Extend Time for Compliance with Discovery Order
27  * 
28  * 

**March 1982**

1  X  Yunis's Omnibus Pretrial Motions
2  X  Court Order on Government's Motion to Extend Time
3  X 
4  X 
5  X 
6  X 
7  X 
8  X 
9  X  Co-defendant Belz's Motion to Suppress
10  X  Court Ruled on Yunis's Omnibus Pretrial Motions
11  X 
12  X 
13  X 
14  X 
15  X 
16  X 
17  X  Court Ruled on Belz's Motion to Suppress; Co-defendant Froilan's Motion to Dismiss and to Compel Discovery
18  X 
19  X  Yunis's Motion to Dismiss and to Compel Discovery
20  X 
21  X 
22  X 
23  X 
24  X 
25  X 
26  X 
27  X 
28  X 
29  X 
30  X 
31  X 

**April 1982**

1  X 
2  X 
3  X 
4  X 
5  X 
6  X 
7  X 
8  X 
9  X 
10  X 
11  X 
12  X 
13  X  Court Ruled on Yunis's Motion to Dismiss

**April 1982**

14 ——
15 ——
16 ——
17 ——
18 ——
19 ——
20 ——
21 . ——
22 ——
23 ——
24 ——
25 ——
26 ——
27 ——
28 ——
29 ——
30 ——

**May 1982**

1 ——
2 ——
3 ——
4 ——
5 ——
6 ——
7 ——
8 ——
9 ——
10 ——
11 ——
12 ——
13 ——
14 ——
15 ——
16 ——
17 ——
18 ——
19 ——
20 ——
21 ——
22 ——
23 ——
24 ——
25 ——
26  X  Yunis's Motion to Dismiss for Speedy Trial Violation
27  X 
28  X 
29  X 
30  X 
31  X 

**June 1982**

1  X 
2  X  Order denying Motion to Dismiss; Yunis's Guilty Plea