**UNITED STATES of America**

v.

**Fred M. ACEVEDO.**

**CR. No. 96–46–S.**

United States District Court,
M.D. Alabama,
Southern Division.

July 24, 1996.

**1332**

Federal Defender, John William Focke, II, Federal Defenders' Office, Middle District of Alabama, Montgomery, AL, for defendant.

Artur G. Davis, U.S. Attorney's Office, Montgomery, AL, for U.S.

## ORDER

MYRON H. THOMPSON, Chief Judge.

This criminal case is now before the court on defendant Fred M. Acevedo's motion to dismiss indictment. Acevedo argues that, under the Speedy Trial Act, 18 U.S.C.A. §§ 3161–74 (West 1985 & Supp.1996), the charges against him must be dismissed because the court continued his trial without adequate justification. For the following reasons, Acevedo's motion will be denied.

## I. BACKGROUND

While the granting of a continuance is left to the sound discretion of the trial court, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir.), *cert. denied*, 479 U.S. 823, 107 S.Ct. 93, 93 L.Ed.2d 44 (1986), the court is limited by the requirements of the Speedy Trial Act. The Act provides that, "In any case in which a plea of not guilty is entered, the trial of a defendant ... shall commence within seventy days from the filing date ... of the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." § 3161(c)(1). However, to calculate whether a Speedy Trial Act violation has occurred, a court does not simply count off 70 days from the starting date. The Act provides that certain time periods are excludable. Some of the excludable periods are as follows:

- The period for a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(8)(A).

- The period of "delay resulting from ... proceedings" § 3161(h)(1).

- The period of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(F).

- The period of "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." § 3161(h)(1)(J).

"If a defendant is not brought to trial within the time limit required ..., the ... indictment shall be dismissed on motion of the defendant." § 3162(a)(2). Under the Speedy Trial Act, a jury trial is considered to have commenced "when the court begins voir dire," that is, when the jury selection process begins. *United States v. Gonzalez*, 671 F.2d 441, 443 (11th Cir.), *cert. denied*, 456 U.S. 994, 102 S.Ct. 2279, 73 L.Ed.2d 1291 (1982).

After an initial appearance before a United States Magistrate Judge, Acevedo was charged on March 27, 1996, with the following: Count I, aggravated stalking of his wife, in violation of 1975 Alabama Code 13A–6–91 (Michie 1994), as assimilated through 18 U.S.C.A. § 13(a) (West Supp.1996); Count II, entering her home and assaulting her, resulting in serious bodily injury, in violation of 18 U.S.C.A. § 113(a)(6) (West Supp.1996); Count III, burglary of his wife's home, in violation of 1975 Alabama Code 13A–7–5 (Michie 1994), as assimilated through 18 U.S.C.A. § 13(a); and Counts IV and V, reentering a military post contrary to order, in violation of 18 U.S.C.A. § 1382 (West Supp.1996). Acevedo's trial was set for May 28, 1996.

On May 10, the government filed a motion to continue Acevedo's trial. At a hearing held on the motion on May 20, and in briefs

submitted thereafter, counsel for the government argued that a continuance was warranted because Acevedo's wife, an essential witness, was scheduled to go to a military training course from May 28 to June 28, and that the course was not offered frequently and was a prerequisite to a job promotion. The government maintained that the Act's 70–day limitation period, with appropriate exclusions, would expire on July 3. Defense counsel responded that the government's reason did not warrant a continuance, and that the 70–day period, with appropriate exclusions, would expire on June 16. During the hearing, it was suggested that the court could grant a continuance outside the Speedy Trial Act's 70–day limitation period but still comply with the 70–day requirement by simply setting jury selection within the limitation period. Defense counsel responded that, "I think it would be ludicrous to pick a jury on May 28 and then not have that jury start hearing the case until July. I think that would make a mockery of the Speedy Trial Act and of the right to a speedy trial under the Sixth Amendment."

Defense counsel requested that, if a continuance were given, the trial should be after July 13, because he was due to attend a training program in Wyoming from July 5 through 13, and the trip had been scheduled for many months. He agreed, however, that someone else from office could represent the defendant at jury selection if it were held in his absence.

On May 21, on the basis of these representations, the court ordered that Acevedo's trial be reset. The court entered a finding that the "ends of justice served by granting a continuance outweigh the interests of the public and the defendant in a speedy trial." In support of this finding, the court wrote:

"This case is currently set for trial on May 28, 1996. However, Hilda Acevedo, the victim of the acts charged in this case and an Army officer, is scheduled to attend an Army leadership development course in either Georgia or Kentucky from May 29 to June 28, 1996. This course is a prerequisite for her promotion to the next rank in the Army. It would serve the ends of justice to permit the alleged victim in this case to take advantage of a rare promotion opportunity rather than forcing her to forego it to participate in the trial of her alleged attacker."

With this finding, the court intended that the 70–day period would be extended for the period of the continuance.

The court specially set the jury trial for July 18 (before the judge initially assigned Acevedo's case) in order to accommodate defense counsel, and set the jury selection for July 8 (before another judge) because that was the closest date to trial for which a criminal jury venire had been scheduled to appear. The case was not continued to the assigned judge's next criminal term because the term was not scheduled until September 9, 1996.

On July 8, at 10:00 a.m., counsel for the government and counsel for Acevedo appeared for jury selection. At 12:20 p.m., after the jury selection process had begun, Acevedo filed a motion to dismiss the indictment, contending that his "right to a speedy trial as set forth in Title 18, United States Code, Section 3161 had been violated."

On July 18, Acevedo's trial began. At the outset, the court orally informed counsel for the parties that it was denying Acevedo's motion to dismiss and that a formal order would follow. On July 22, the jury found Acevedo guilty of Counts IV and V and of the lesser included offense of assault by striking in Count II, and not guilty of the remaining charges.

This is the promised formal order.

## II. DISCUSSION

With his motion to dismiss, Acevedo argues that, assuming that the Speedy Trial Act's 70–day limitation period would have run on July 3 (as maintained by the government), the court's finding that the "ends of justice" supported an extension of the 70–day period was not justified. He maintains that, because a trial is considered to have commenced under the Act when the jury selection process begins, the court need only have set jury selection for July 1, 2, or 3, with the jury trial to follow any time after that, to have met the Act's 70–day limitation require-

ment.[1] Acevedo's argument is rejected for several reasons.

## A.

First, as the Eleventh Circuit Court of Appeals has admonished, although the selecting of the jury stops the speedy trial clock, this fact should "not be viewed as a license to evade the [Speedy Trial] Act's spirit by commencing voir dire within the prescribed time limits and then taking a prolonged recess before the jury is sworn and testimony is begun." *Gonzalez*, 671 F.2d at 444. Defense counsel acknowledged as much during oral argument when he stated, "I think it would be ludicrous to pick a jury on May 28 and then not have that jury start hearing the case until July. I think that would make a mockery of the Speedy Trial Act and of the right to a speedy trial under the Sixth Amendment."

With its May 21 continuance order, the court similarly paid homage to this admonition. The court looked for an appropriate new jury trial date, setting it for July 18 in order to accommodate the training session defense counsel had to attend. The July 8 jury selection date was then selected because, as stated previously, that was the closest date to the jury trial date for which a jury venire had been scheduled. The July 8 date was not picked in order to avoid the running of the Speedy Trial Act's 70–day time limitation. If the court had been interested simply in stopping the running of this time limit, it could have set jury selection for May 28 or any date between May 28 and July 3.

When jury selection and trial must be on separate days, the date for jury selection should be based on an honest and practical assessment of how much time is appropriate between the jury selection and jury trial. This assessment should include the obvious concerns that the longer the time between jury selection and trial the longer the jury must suffer the burden of affirmatively avoiding discussing the case with family and friends, hearing and reading anything about the case, and having any contact with persons connected to the litigation, and that the longer the time the greater the likelihood that the jury could be corrupted by external influences. The date for jury selection should not be based on some artificial and fraudulent attempt to avoid the requirements of the Speedy Trial Act. True to these concerns as well to both the letter and spirit of the Speedy Trial Act, this court made its "ends of justice" findings and set jury selection and trial for July 8 and 18, respectively, based on an honest and practical assessment of the overall circumstances. To have set jury selection for July 3 or earlier, as suggested by counsel for Acevedo, would have, in his own words, made a "mockery" of the Act.[2]

## B.

■■■ Second, even without the extension of the 70–day time period allowed by the court's "ends of justice" finding, the July 8 jury selection would still have met the requirements of the Speedy Trial Act. As indicated below, under the Speedy Trial Act, there would have been only 58 countable days before jury selection:

| DATE | DESCRIPTION | DAYS COUNTABLE UNDER THE ACT |
| --- | --- | --- |
| March 27 | Not countable because Acevedo was indicted on this date.[3] | 0 |

---

1. Acevedo has not challenged the appropriateness of the July 18 setting for trial. He has not contended that the trial itself could have begun the week of July 1—apparently because July 4 was a holiday, because defense had to leave for his trip on July 5, and because July 1 through 3 might not have allowed enough time for trial.

2. Acevedo pointed out that a jury could have been selected in his case on June 17, when a jury was selected before another judge in another criminal case, *United States v. Carroll*, criminal case no. 95–172–S (M.D.Ala.). First, as stated, setting the trial on June 17 in order to avoid the Speedy Trial Act would have been fraudulent and

in violation of the Speedy Trial Act. In addition, the judge to whom Acevedo's case was assigned was simply unaware that another judge was selecting a jury in another case on June 17. It appears from a May 22 order in *Carroll* that both jury selection and trial were set specially on June 17 as a result of an earlier mistrial.

3. The date of indictment is excluded in calculating the 70–day limitation period. *United States v. Vasser*, 916 F.2d 624, 626 (11th Cir.1990), *cert. denied*, 500 U.S. 907, 111 S.Ct. 1688, 114 L.Ed.2d 82 (1991); *United States v. Yunis*, 723 F.2d 795, 797 (11th Cir.1984).

| DATE | DESCRIPTION | DAYS COUNTABLE UNDER THE ACT |
|---|---|---|
| March 28–29 | Not countable because government filed a motion for detention on March 25, and the motion was not ruled on until March 29.[4] | 0 |
| March 30–April 9 | Countable | 10 |
| April 10 | Not countable because Acevedo was arraigned on this day.[5] | 0 |
| April 11–21 | Countable [6] | 11 |
| April 22–May 2 | Not countable because Acevedo filed discovery motions on April 22, 23, and 24, and the last was not ruled upon until May 2.[7] | 0 |
| May 3–5 | Countable | 3 |
| May 6–8 | Not countable because the government filed a motion for discovery, and the motion was not ruled upon until May 8.[8] | 0 |
| May 8–22 | Not countable because Acevedo filed an oral motion for *Brady* material on May 8, and government filed motion to continue on May 10, and the last of the two motions was not ruled on until May 22.[9] | 0 |
| May 23–28 | Not countable because Acevedo filed a motion for release from custody on May 22, and the motion was not ruled on until May 28.[10] | 0 |
| May 29–June 26 | Countable | 29 |
| June 27–July 2 | Not countable because Acevedo filed ex parte motions on June 27 regarding subpoenas, and the motions were not ruled on until July 2.[11] | 0 |
| July 3–7 | Countable | 5 |
| July 8– | Not countable because Acevedo's trial began with the selection of his jury. | 0 |
| TOTAL DAYS COUNTABLE | | 58 |

## C.

 Finally, the court agrees with the government that Acevedo's motion to dismiss is untimely. The Speedy Trial Act provides that "Failure of the defendant to move for dismissal prior to trial ... shall constitute a waiver of the right to dismiss." 18 U.S.C.A. § 3162(a)(2). Because Acevedo filed his motion to dismiss over two hours after the jury selection process had begun and thus, under the Act, after the trial had commenced, his motion came too late. At the time he filed the motion he had already waived his right to dismissal.

For these reasons, it is ORDERED that the motion to dismiss indictment, filed by defendant Fred M. Acevedo on July 8, 1996, is denied.

---

4. The Act excludes "delay resulting from any pretrial motion." § 3161(h)(1)(F). *See Yunis*, 723 F.2d at 797. This includes pretrial motions filed by not only the defendant but the government. *United States v. Barragan*, 793 F.2d 1255, 1259 (11th Cir.1986).

5. The Act excludes "delay resulting from ... proceedings." § 3161(h)(1). *See also Barragan*, 793 F.2d at 1258; *Yunis*, 723 F.2d at 797.

6. On April 4, the court entered an order allowing the parties until April 24 to file pretrial motions. The Seventh Circuit Court of Appeals has held that time such as this is also excludable because it is viewed as "time allowed for preparation of pretrial motions," *United States v. Montoya*, 827 F.2d 143, 153 (7th Cir.1987), and thus as "delay resulting from ... pretrial motion." § 3161(h)(1)(F). The fact that the court routinely sets such a schedule, without request from the defendant, "is irrelevant." *Montoya*, 827 F.2d at 153.

Because the Eleventh Circuit Court of Appeals has not yet addressed this issue, *United States v. Mejia*, 82 F.3d 1032, 1037 (11th Cir.1996), and because, without this exclusion, there was still no violation of the Speedy Trial Act, this court does not rely on this exclusion.

