# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J.  Fisher, Jr.                                                Elisabeth A. Shumaker
Clerk                                                                  Chief Deputy Clerk

October 16, 1997


**TO:**   All recipients of the captioned order and judgment

**RE:**   96-1521, USA v. Dosal
          October 10, 1997


Please be advised of the following correction to the captioned decision:

On the cover page of the decision, the district from which the appeal originated is incorrectly listed as the District of Wyoming.  The correct district is Colorado.

Please make the correction.


Very truly yours,

Patrick Fisher, Clerk



Susie Tidwell
Deputy Clerk

                                                                              **F I L E D**
                                                                      **United States Court of Appeals**
                                                                              **Tenth Circuit**

**UNITED STATES COURT OF APPEALS**                    **OCT 10 1997**

**TENTH CIRCUIT**

                                                                      **PATRICK FISHER**
                                                                              **Clerk**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.                                                                    No. 96-1521
                                                                     (D.C. No. 96-CR-76-AJ)
SALVADOR DOSAL,                                                           (D. Colo.)

      Defendant-Appellant.

ORDER AND JUDGMENT[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.


      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.



      Salvador Dosal appeals his conviction in district court of possession with

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

intent to distribute a mixture or substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii). We affirm.

On February 21, 1996, Sergeant Boley from the Pueblo County Sheriff's Department stopped the car Mr. Dosal was driving because it had a cracked windshield. Mr. Dosal was taken into custody when he could not establish ownership and/or legal possession of the car or proof of insurance, and after Sergeant Boley discovered an outstanding traffic warrant for Mr. Dosal.

After being placed under arrest on the outstanding warrant, Sergeant Boley asked Mr. Dosal whether he could search the car. Mr. Dosal consented. With the aid of a narcotics detective dog, Sergeant Boley discovered and seized fourteen packages containing approximately twelve kilograms of cocaine near the front fender area.

Mr. Dosal initially denied knowing anything about the drugs, and neither his nor his juvenile passenger's fingerprints matched the fingerprints found on the packages containing the drugs. However, Mr. Dosal later told a Drug Enforcement Administration Agent he was aware the car contained drugs of some sort, as he got the car from a "Jimmy" in El Paso, Texas, and was to drive the car

to Denver.  Mr. Dosal also told the Agent he had made another such trip to Denver and thus believed the car either contained drugs or the trip was a test trip. Mr. Dosal said he was to make $2,000 for the trip.

On February 22, 1996, Mr. Dosal was arrested on a warrant and complaint charging him with conspiracy to distribute cocaine.  He made an initial appearance before a Magistrate Judge on that same date.  A preliminary hearing was conducted on February 27, 1996 and continued to March 1, 1996, at which time Mr. Dosal waived his right to a preliminary hearing.

On March 4, 1996, the original complaint was replaced by an indictment charging Mr. Dosal with possession with intent to distribute cocaine.  Mr. Dosal was arraigned on the charges in the indictment on March 7, 1996 and entered a not guilty plea.

Mr. Dosal's first trial began on July 8 and ended with a hung jury/mistrial on July 12, 1996.  Retrial commenced on August 12 and ended with a guilty verdict on August 14, 1996.  On November 14, 1996, Mr. Dosal was sentenced to 150 months imprisonment.  This appeal followed.

Mr. Dosal, through counsel, raises two issues on appeal. First, he claims he was denied a speedy trial in violation of the Speedy Trial Act, 18 U.S.C. § 3161 (1994). Second, he claims the jury was improperly instructed he could be criminally liable as an aider or abetter. We address each issue in turn.

We review the district court's application of the legal standards of the Speedy Trial Act *de novo*. *United States v. Spring*, 80 F.3d 1450, 1456 (10th Cir.), *cert. denied*, 117 S. Ct. 385 (1996). The Speedy Trial Act provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). The issue here concerns the date used to trigger the Act's seventy-day clock.

Mr. Dosal contends the seventy-day clock began on March 4, 1996 -- the day the indictment charging him with possession with intent to distribute cocaine was filed. He reasons that because he had made an initial appearance before a Magistrate Judge on the original complaint on February 22, 1996, the date the indictment was filed became the last operative date under the Speedy Trial Act.

We are unpersuaded by Mr. Dosal's argument.

The provision of the Speedy Trial Act quoted above unambiguously ties the relevant appearance before a judicial officer to the particular charge in the controlling information or indictment. Thus where, as here, a defendant has made an appearance related to charges other than those in the indictment at issue, such appearance does not trigger the statutory timetable. Mr. Dosal's February appearance before the Magistrate Judge was related to the conspiracy charge in the original complaint. That complaint was replaced on March 4, 1996 with an indictment containing a different charge -- possession with intent to distribute. Mr. Dosal's first appearance concerning the charge in the indictment occurred on March 7, 1996. Accordingly, the seventy-day clock began ticking on the later of those two dates -- March 7.

When calculating includable time under the Speedy Trial Act, the date of the arraignment is excluded. *See United States v. Olivio*, 69 F.3d 1057, 1061 (10th Cir. 1995), *cert. denied*, 117 S. Ct. 265 (1996); *United States v. Yunis*, 723 F.2d 795, 797 (11th Cir. 1984). Thus, the elapsed time between March 7, 1996 and July 8, 1996, the date Mr. Dosal's first trial commenced, was 122 days. When computing the allowable delay in commencing trial, however, certain periods are

statutorily excluded from the total elapsed time. 18 U.S.C. § 3161(h). For example, courts must exclude any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id.* § 3161(h)(1)(F).

In the case at hand, the government filed a motion to disclose grand jury transcripts on March 21, 1996. The district court granted that motion the following day, thus creating two excludable days in the Speedy Trial Act computation. *See Yunis*, 723 F.2d at 797 (both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded). Through counsel, Mr. Dosal filed a number of pretrial motions beginning on March 29, 1996. The court ruled on all pending motions during a hearing held on May 21, 1996. The excludable period from March 29 through May 21 is fifty-four days. The total excludable time therefore is fifty-six days, resulting in an allowable delay between Mr. Dosal's March 7 arraignment and his July 8 trial of sixty-six days. No violation of the Speedy Trial Act occurred.

Moving to Mr. Dosal's second issue, he contends the district court improperly charged the jury that he could be found criminally liable as an aider and abettor because "the evidence utterly failed to proved [sic] that anyone other

than [Mr. Dosal] committed an offense." We review a district court's decision whether to give a particular jury instruction for abuse of discretion. *United States v. Swallow*, 109 F.3d 656, 658 (10th Cir. 1997). Our determination of whether the jury instruction correctly stated the governing law and provided the jury with an ample understanding of the issues and applicable standards is *de novo*. *Id.*

In addition to charging Mr. Dosal with possession with intent to distribute cocaine, the March 4, 1996 indictment included a charge of aiding and abetting pursuant to 18 U.S.C. § 2 (1994). A violation of 18 U.S.C. § 2 is not punishable as a separate crime; rather, 18 U.S.C. § 2 provides a basis for punishing an aider and abetter the same as a principal who committed the underlying substantive offense. *See United States v. Langston*, 970 F.2d 692, 705-06 (10th Cir.), *cert. denied*, 506 U.S. 965 (1992.) A conviction based on 18 U.S.C. § 2 requires proof (1) the defendant willfully associated himself with a criminal venture, *i.e.,* possession of cocaine with intent to distribute; (2) the defendant participated in the venture as something that he wished to bring about; (3) the defendant sought by his action to make the venture succeed; and (4) someone other than the defendant committed the offense with the aid of the defendant. *United States v. Yost*, 24 F.3d 99, 104 (10th Cir. 1994).

We previously have considered and rejected the argument that in order to satisfy the fourth requirement for § 2 liability the government must allege and provide sufficient evidence to support the idea some specific "other party" committed the underlying offense. *Yost*, 24 F.3d at 104. In this case, as in *Yost*, there was more than sufficient evidence to satisfy the elements of the substantive crime. Even if Mr. Dosal did not place the cocaine in the fender area of the car he was driving, someone did. The fact Mr. Dosal was driving a car in which narcotics were found together with the Agents' testimony Mr. Dosal admitted he was aware the car he had picked up from "Jimmy" in El Paso likely contained drugs, provided ample evidence from which a reasonable jury could have concluded Mr. Dosal aided someone in committing the offense for which he was charged. The aiding and abetting instruction to the jury, which correctly stated the law pertaining to a conviction under 18 U.S.C. § 2, was proper.

For these reasons, we **AFFIRM** Mr. Dosal's conviction.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge

-8-