**UNITED STATES of America,
Plaintiff,**

v.

**Joseph Earl COOK, Defendant.**

No. 98 C 4578.

United States District Court,
N.D. Illinois,
Eastern Division.

April 9, 1999.

AUSA, United States Attorney's Office, Chicago, IL, for U.S.

Joseph Earl Cook, Florence, CO, pro se.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

On June 13, 1997, Defendant Joseph Earl Cook pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). No appeal was filed. He was sentenced to 37 months in prison on September 10, 1997. Mr. Cook now brings this motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence on grounds of ineffective assistance of counsel and violation of his right to a speedy trial under 18 U.S.C. § 3161(b) and (c)(1). For the reasons set forth below, the motion is denied.

### Failure to Raise Claim on Direct Appeal

 The government asserts Mr. Cook's claim of ineffective assistance of counsel is procedurally barred because he did not raise it on direct appeal. Such a claim can be raised for the first time in a Section 2255 proceeding if it is based on extrinsic evidence, *United States v. Taglia,* 922 F.2d 413, 418 (7th Cir.1991), but the government maintains that is not the case here. However, there is no indication Mr. Cook would have had different counsel[1] on appeal, and that is another basis for allowing an ineffective assistance claim to be raised first collaterally. *Id.* Mr. Cook's ineffective assistance claim is not procedurally barred.

### Ineffective Assistance of Counsel Claim

Mr. Cook claims his indictment was not brought within 30 days of his arrest as required by the Speedy Trial Act. 18 U.S.C. § 3161(b). He argues his counsel should have moved to dismiss the indictment on that basis, and the failure to do so constituted ineffective assistance of counsel. He also asserts an appeal should have been filed.

 Even if there were a Speedy Trial Act violation, which is doubtful, Mr. Cook could not show a reasonable probability that, but for his counsel's alleged error, the result of the proceedings would have been different. *Dugan v. United States,* 18 F.3d 460, 463–64 (7th Cir.1994); *United States v. Moya–Gomez,* 860 F.2d 706, 763 (7th Cir.1988) (citing *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Though a violation of 18 U.S.C. § 3161(b) requires dismissal of the indictment, a district court is given "great discretion" whether to dismiss with or without prejudice. 18 U.S.C. § 3162(a)(1); *United States v. Fountain,* 840 F.2d 509, 512 (7th Cir.1988). Mr. Cook offers nothing to indicate his indictment would have been dismissed with prejudice, especially given the factors to be considered in making that determination, 18 U.S.C. § 3162(a)(1). Because Mr. Cook cannot show the result of his proceedings would have been different (and thus that he suffered prejudice), his ineffective assistance of counsel claim must fail. *See Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

### Speedy Trial Act Claim

Almost five months elapsed between Mr. Cook's arrest on October 29, 1996, and the bringing of an indictment on March 27, 1997. However, much of that time was excluded (from Speedy Trial Act computation) to allow completion of a mental examination requested by Mr. Cook. 18 U.S.C. § 3161(h)(1)(A), (H). In addition, the government was given an extension in March 1997 (under 18 U.S.C. § 3161(h)(8)(A)), and the indictment was brought within the extension period. Nevertheless, Mr. Cook points to several allegedly unexcluded days prior to the mental-examination exclusion which, if counted, would mean the indictment was not timely filed.

 The Speedy Trial Act violation alleged here is cognizable in a Section 2255

---

1. Mr. Cook's trial counsel changed on May 27, 1997, when Andrea Taylor's motion to withdraw was granted and John Meyer was appointed to represent Mr. Cook. About two weeks later (June 13, 1997), Mr. Cook pleaded guilty.

proceeding only if it constitutes a fundamental defect in the trial resulting in a complete miscarriage of justice. *See United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979); *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *United States v. Bailey,* No. 94 C 6832, 1995 WL 302441, at *8 (N.D.Ill. May 16, 1995). As already indicated, Mr. Cook has shown no such defect. Moreover, by pleading guilty Mr. Cook waived his right to assert Speedy Trial Act violations. *United States v. Andrews,* 790 F.2d 803, 810 (10th Cir. 1986); *United States v. Yunis,* 723 F.2d 795, 796 (11th Cir.1984); *see Tollett v. Henderson,* 411 U.S. 258, 266–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); (Plea Agreement ¶¶ 10(a), 11.)

Mr. Cook fails to show he was prejudiced by any alleged ineffective assistance of counsel, and his Speedy Trial Act claim is not within the scope of this proceeding. Accordingly, his Section 2255 motion to vacate his sentence is denied. No evidentiary hearing is required.

### Conclusion

For the foregoing reasons, Mr. Cook's Section 2255 motion to vacate his sentence is denied. No evidentiary hearing is required.