[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

**No. 05-10954**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00067-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW POTEET,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Middle District of Florida**

_____

**(December 15, 2005)**

**Before DUBINA, HULL and RONEY, Circuit Judges.**

**PER CURIAM:**

Appellant Matthew Poteet appeals his conviction and sentence for

possession with intent to distribute 500 grams or more of cocaine, 21 U.S.C.

§ 841(a)(1), (b)(1)(B)(ii)(II), based on his plea of guilty.  Court appointed counsel,

Charles E. Lykes, Jr., has moved to withdraw from further representation of the appellant and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Poteet was given notice of counsel's motion to withdraw and the *Anders* brief, but has not filed a response. The motion to withdraw is granted, and Poteet's conviction and sentence are affirmed.

In his written guilty plea to a one count indictment, Poteet waived the right to appeal his sentence "directly or collaterally, on the ground that the sentencing guidelines are in any respect unconstitutional, on the grounds that any fact found by the Court for sentencing was not alleged in the indictment, was not admitted by the defendant, was not found by a jury, was not found beyond a reasonable doubt, or was found based upon evidence not admissible under the Federal Rules of Evidence, and on any other ground, including the applicability of the 'safety valve' provisions contained in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, except in the following situations: (a) an upward departure by the sentencing judge; (b) a sentence above the statutory maximum; or (c) a sentence in violation of other law apart from the sentencing guidelines." The plea agreement contained a factual basis that stated that Poteet was going to sell a half-kilogram of cocaine to a confidential informant for $13,600.

At the Federal Rules of Criminal Procedure Rule 11 guilty plea hearing before a magistrate judge, Poteet stated that he was satisfied with his representation. The record supports the district court's finding that the plea was knowing and voluntary. Poteet objected to (1) his criminal history category, arguing that it significantly over-represented the seriousness of his past criminal conduct and requested a downward departure to a criminal history category of I, and (2) the failure to include a downward departure due to his family responsibilities pursuant to § 5H1.6. The district court recognized it had the authority to depart downward for over-representation of criminal history, but found, however, that Poteet's criminal history was not over-represented such as to require a criminal history of I. As to Poteet's argument for a downward departure based on family responsibilities and § 5H1.6, the district court found that Poteet created the danger to his family by engaging in drug dealing activities, § 5H1.6 did not apply, and, even if it did apply, it would not allow Poteet to be sentenced below the statutory minimum, and the court therefore denied the downward departure. The district court sentenced Poteet to 60 months' imprisonment and four years of supervised release.

The *Anders* brief properly indicates there are no arguable issues. Any argument that Poteet's sentence violated *Apprendi v. New Jersey*, 530 U.S. 466

(2000) and *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005), is foreclosed by the appeal waiver provision of Poteet's plea agreement. This issue has no arguable merit.

This Court has held that broad sentence-appeal waiver provision language, such as the provision appearing in Poteet's plea agreement, is enforceable so long as the defendant enters into the agreement knowingly, intelligently, and voluntarily. *See United States v. Grinnard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). Broad waiver language also "covers" *Apprendi* and *Booker* grounds. *United States v. Frye*, 402 F.3d 1123, 1129 (11th Cir. 2005) (quoting *United States v. Grinnard-Henry*, 399 F.3d 1294,1296(11th Cir. 2005); *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005)).

Poteet pled guilty to violating 21 U.S.C. § 841(b)(1)(B), which carries a statutory minimum sentence of five years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). Neither of the exceptions to the statutory minimum apply in this case: (1) the government did not file a § 5K1.1 motion, as Poteet had stopped cooperating with the government; and (2) Poteet cannot meet the requirements of the "safety valve" provision, as he has more than one criminal history point. Therefore, the district court had no discretion to depart below the statutory minimum of five years' imprisonment. *See United States v. Simpson*, 228 F.3d

1294, 1303(11th Cir. 1000)(noting that district court has "no discretion to depart downward from the relevant statutory mandatory minimum sentences").

An independent review of the entire record shows that the magistrate judge covered all the required disclosures in Rule 11 and addressed each of the "core concerns" before accepting Poteet's plea by determining that he was not coerced into pleading guilty, by explaining the charges, and by explaining the rights he relinquished by pleading guilty. *United States v. Monroe*, 353 F.3d 1346, 1354 (11th Cir. 2003) ("This Court has upheld plea colloquies that fail to address an item expressly required by Rule 11 so long as the overall plea colloquy adequately addresses these three core concerns."); *United States v. Bell*, 776 F.2d 965, 968 (11th Cir. 1985) (addressing the three "core concerns" of a guilty plea:  (1) the guilty plea is voluntary; (2) the defendant understands the nature of the charges; and (3) the defendant understands the consequences of his plea.).  Independent review reveals no jurisdictional errors that might have occurred prior to the entry of the plea.  *See United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984) (noting that the entry of a guilty plea waives objection to all non-jurisdictional errors).

Since there is no arguably meritorious basis for challenging Poteet's conviction or sentence, counsel's **MOTION TO WITHDRAW IS GRANTED** and Poteet's **CONVICTION AND SENTENCE ARE AFFIRMED.**