[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2008
THOMAS K. KAHN
CLERK

No. 07-15060
Non-Argument Calendar

_____

D. C. Docket No. 07-00008-CR-ORL-19-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN TREMAINE HILL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 26, 2008)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Shawn Tremaine Hill, following a guilty plea, appeals his convictions and

sentences for one count of conspiracy to possess with intent to distribute five grams or more of crack cocaine, one count of possession with intent to distribute 5 or more grams of crack cocaine, and one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841. On appeal he argues that the district court abused its discretion in rejecting his initial guilty plea, and that the district court violated his Sixth Amendment right to confrontation when it denied his counsel's request to examine a codefendant at that codefendant's change of plea hearing. He further argues that, although the district court did not err in sentencing him under the guidelines in effect at the time of his sentencing, the recent amendment to the sentencing guidelines decreasing the sentencing disparities between crack cocaine and powder cocaine should be used to reduce his sentence.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error.

## I.

We have an obligation to review, sua sponte, our jurisdiction. United States v. Cartwright, 413 F.3d 1295, 1299 (11th Cir.2005). Questions of jurisdiction are reviewed de novo, id., and we lack jurisdiction to hear appeals directly from federal magistrates. United States v. Brown, 441 F.3d 1330, 1352 (11th Cir.

2

2006), cert. denied, 127 S.Ct. 1149 (2007); Fed.R.Crim.P. 59 (failure to file objections with the district court waives a defendant's right to review). Further, a defendant's plea of guilty forecloses all non-jurisdictional defects in that defendant's court proceedings. United States v. Yunis, 723 F.2d 795, 796 (11th Cir. 1984).

Because Hill failed to appeal the magistrate judge's decision to initially reject his guilty plea to the district court, we lack jurisdiction to entertain his claim of magistrate judge error. Further, because the right to confront an adverse witness is non-jurisdictional, Hill's unconditional guilty plea foreclosed his right to assert this issue on appeal. Accordingly, his convictions are affirmed.

## II.

We review a district court's factual findings for clear error and its application of the Guidelines to those facts de novo. United States v. Kinard, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006). A defendant is to be sentenced under the guidelines that are in effect on the date that the defendant is sentenced. U.S.S.G. § 1B1.11(a). In the event that the sentencing range upon which a defendant is sentenced is subsequently lowered by the sentencing commission, a defendant may move for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10. Specifically, § 3582 section provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(2).

Because Hill alleges no error on the part of the district court, we affirm his sentence. Moreover, the remedy available to Hill under the guidelines, and as stated under 18 U.S.C. § 3582, is to move the district court for a reduction in sentence based on the newly enacted amendment. Accordingly, Hill's convictions and sentences are affirmed.

**AFFIRMED.**[1]

---

[1] Hill's request for oral argument is denied.