[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10711
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00486-SCB-EAJ-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALDIR FORBES-SUAREZ,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 27, 2014)

Before HULL, MARCUS, and EDMONDSON, Circuit Judges.


PER CURIAM:

Waldir Forbes-Suarez appeals his conviction for conspiracy to distribute

cocaine while aboard a vessel subject to the jurisdiction of the United States.  He

contends that the district court plainly erred by failing to dismiss his indictment because the Maritime Drug Law Enforcement Act ("MDLEA") is unconstitutional as applied to his conduct.  He points to *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012); then, he argues that the phrase "through international waters" set forth in his plea agreement does not mean (and thus does not admit) that his boats actually left territorial waters.

Forbes-Suarez waived the right to raise his present challenge to his conviction by entering an unconditional guilty plea.  *See United States v. Ternus*, 598 F.3d 1251, 1254 (11th Cir. 2010); *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984).  In addition, no decision of this Court or the Supreme Court supports Forbes-Suarez's contention that his admitting the vessels in his conspiracy used "international waters" fails to include inherently a concession that the vessels went outside of "territorial waters."  In a case like this one, "international waters" has a customary meaning and is not ambiguous.  For MDLEA proceedings, territorial waters $\neq$ international waters, at least in the absence of binding precedent saying something else.  Therefore, the district court did not commit plain error by failing to dismiss his indictment *sua sponte*.

AFFIRMED.