[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14216
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00025-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMIE LEE WAMBLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 7, 2014)

Before CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Jamie Wambles appeals his convictions for making false threats to use a weapon of mass destruction, in violation of 18 U.S.C. § 1038(a)(1)(A).  He challenges the district court's denial of his motion to dismiss the indictment under the Speedy Trial Act, 18 U.S.C. § 3161, contending that more than 70 non-excludable days elapsed from the time of his arraignment on March 26, 2013, to the start of his trial on June 10, 2013.

"We review a claim under the Speedy Trial Act de novo and review a district court's factual determinations on excludable time for clear error."  United States v. Mathurin, 690 F.3d 1236, 1239 (11th Cir. 2012).  The Act specifies that a defendant's trial must commence within 70 days of the filing of the indictment or his arraignment, whichever is later.  18 U.S.C. § 3161(c)(1).  Certain events, however, are excluded from the 70-day time limit, including any "delay resulting from [a] pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  Id. § 3161(h)(1)(D).  "In calculating includable time, both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded."  United States v. Yunis, 723 F.2d 795, 797 (11th Cir. 1984).  If the defendant is not brought to trial within 70 non-excludable days of the relevant triggering date, the district court must dismiss the indictment upon the defendant's motion.  Id. § 3162(a)(2).

2

In this case, there was no violation of the Speedy Trial Act.  The 70-day time limit began to run on March 27, 2013, the day after Wambles was arraigned on his indictment.  See Yunis, 723 F.2d at 797 (holding that "the date of the indictment and the date of arraignment are excluded" from the speedy trial calculation).  Thirty-seven days of non-excludable time passed before Wambles, on May 3, 2013, filed a pretrial motion for an in camera inquiry regarding the appointment of substitute counsel, which was denied four days later following a hearing on that motion.  The date on which Wambles' motion was filed, the days leading up to the motion hearing, and the date of the hearing itself — five days in total — were all excludable under the Act.  See 18 U.S.C. § 3161(h)(1)(D); Yunis, 723 F.2d at 797.  Even without any other excludable events, the 70-day time limit would have expired on Sunday, June 9, 2013, the day before Wambles' trial began.  But because the last day of the period fell on a Sunday, the speedy trial clock did not actually expire until Monday, June 10, 2013, the very day the trial commenced.  See Fed. R. Crim. P. 45(a)(1)(C) (providing that if the last day of a time period falls on a weekend or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"); see also United States v. Skanes, 17 F.3d 1352, 1354 (11th Cir. 1994).  Accordingly, there was no violation of the Speedy Trial Act, the district court properly denied Wamble's motion to dismiss the indictment, and his convictions are due to be affirmed.

3

**AFFIRMED.**