[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14700
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00069-EAK-AAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM BRINSON BALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 17, 2020)


Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

William Brinson Ball appeals his conviction for attempted child enticement in violation of 18 U.S.C. § 2422(b) after pleading guilty to this offense. Ball argues applying the statute extraterritorially is unconstitutional and that his conduct did not violate the statute. After review,[1] we affirm.

## I.  DISCUSSION

*A.  Waiver*

Section 2422(b) makes it unlawful to use "any facility or means of interstate or foreign commerce" to induce, entice, or coerce a minor "to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense," or to attempt to do so. 18 U.S.C. § 2422(b). The indictment charged Ball with attempting to entice a minor to engage in sexual activity that would have violated Florida law. The factual basis set forth in his plea agreement detailed how Ball, who then resided in Dubai, communicated over the Internet with a special agent posing as the father of a seven-year-old child to organize a sexual encounter with the child, paid $5,000 for the encounter, and flew from Dubai to Orlando, Florida, and then drove to Tampa, Florida for the encounter.

---

[1] Because Ball raises his constitutional challenge to § 2242(b) for the first time on appeal, our review of this issue is limited to plain error. *See United States v. Belfast*, 611 F.3d 783, 815 (11th Cir. 2010) (providing a constitutional claim raised for the first time on appeal is reviewed for plain error). We reject Ball's attempt to characterize the issue as one of subject matter jurisdiction. *See Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010) (holding extraterritorial application of a statute is a merits question, not a question of subject matter jurisdiction).

2

Ball argues applying the statute to extraterritorial conduct is unconstitutional. He contends his conduct did not violate the statute because "the enticing action occurred outside the United States" and involved proposed sexual conduct that would have occurred in international waters without violating any Florida law. The government responds Ball has waived any challenge to his § 2422(b) conviction because his argument that his criminal conduct was entirely extraterritorial contradicts the admissions he made in his guilty plea. In his reply, Ball asserts he is not challenging the facts supporting his guilty plea, but rather the legal conclusion, drawn from those facts, that his conduct violated the statute.

Ordinarily, the entry of a valid guilty plea waives any objection to all non-jurisdictional errors. *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984). However, a constitutional challenge to the statute of conviction survives a guilty plea where the defendant's claim is consistent with the defendant's "knowing, voluntary, and intelligent admission that he did what the indictment alleged." *Class v. United States*, 138 S. Ct. 798, 804-05 (2018) (holding a defendant who pleaded guilty did not waive Second Amendment and due process challenges to statute of conviction because claims did not "contradict the terms of the indictment or the written plea agreement"). In pleading guilty, Ball acknowledged an essential element of his offense was that "[h]ad the proposed sexual activity occurred with a minor, one or more of the individuals engaging in the sexual

3

activity could have been charged with a criminal offense under the laws of the state of Florida, as charged in the Indictment." Ball's constitutional challenge is therefore foreclosed to the extent it is based on his contention that § 2422(b) does not reach sexual conduct that would have occurred in international waters and would not have violated Florida law. *See id.*

Nevertheless, Ball has not completely waived his constitutional claim. Although Ball admitted "he had traveled to Tampa, Florida, to meet with and engage in sexual activities with a seven-year-old child" and had arrived at a predetermined meeting location in Florida with a child's stuffed animal and various sexual paraphernalia, the plea agreement also described conduct that presumably occurred from Dubai. To the extent Ball argues § 2422(b) does not reach this conduct, this argument is not inconsistent with his guilty plea and therefore not waived. *See id.*

B. *Constitutional Claim*

Even assuming Ball's guilt was based on conduct that occurred outside the United States, however, the district court did not plainly err in accepting his guilty plea. Because neither the Supreme Court nor this Court has addressed whether § 2422(b) extends to conduct occurring outside the United States, and the statute itself does not specifically resolve this issue, we cannot say the district court plainly erred even if it applied the statute extraterritorially. *See United States v.*

4

*Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) ("It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."); *see also United States v. Belfast*, 611 F.3d 783, 816 (11th Cir. 2010) (rejecting constitutional challenge to extraterritorial application of a criminal statute, and concluding "district court could not have plainly erred," where no binding authority addressed extraterritoriality).

## II.  CONCLUSION

For the reasons above, Ball has failed to show plain error.  Accordingly, we affirm.

**AFFIRMED.**