[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11011
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cr-00077-LMM-RGV-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO LOPEZ,
a.k.a. Lalo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 19, 2020)

Before JORDAN, GRANT, and ED CARNES, Circuit Judges.

PER CURIAM:

Eduardo Lopez pleaded guilty to conspiracy to possess with intent to

distribute at least 500 grams of methamphetamine.  Lopez appeals his conviction

and sentence, contending that the district court erred by disqualifying his original counsel and by rejecting his request for release based on his allegedly unlawful post-arrest detention.  The government moved to dismiss Lopez's appeal or for summary affirmance, contending that he waived his right to appeal the district court's rulings on those two issues when he entered an unconditional guilty plea.[1]

Summary disposition is proper when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."  Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).  We review de novo whether a defendant's guilty plea waives his right to appeal adverse rulings of pretrial motions.  United States v. Patti, 337 F.3d 1317, 1320 n.4 (11th Cir. 2003).

We have long held that "[a] defendant's plea of guilty, made knowingly, voluntarily, and with benefit of competent counsel, waives all nonjurisdictional defects in that defendant's court proceedings."  United States v. Yunis, 723 F.2d 795, 796 (11th Cir. 1984).  See also Class v. United States, 583 U.S. __, 138 S. Ct. 798, 805 (2018) ("A valid guilty plea also renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered."); Tollett v. Henderson, 411

---

[1] The government also moved to stay briefing pending our resolution of its motion.  We will deny that motion as moot because we summarily affirm Lopez's conviction and sentence.

2

U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

In light of that authority there is no substantial question that Lopez pleaded guilty knowingly and voluntarily and as a result waived the claims he presents on appeal. Id. Lopez confirmed at his plea colloquy that he understood that he was under oath, that he was waiving his constitutional rights, and the consequences of pleading guilty. There is a "strong presumption" that a defendant who enters a plea after proceedings that follow the requirements of Fed. R. Crim. P. 11 does so knowingly and voluntarily. United States v. Gonzalez-Mercado, 808 F.2d 796, 800 & n.8 (11th Cir. 1987). Lopez has not rebutted that strong presumption.

Although a defendant who pleads guilty can preserve appellate review of a non-jurisdictional defect "by entering a 'conditional plea' in accordance with Fed. R. Crim. P. 11(a)(2)," United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997), Lopez did not do that. A defendant who seeks to enter a conditional plea must obtain consent from the government and the court, and he must reserve the right to appeal in writing. See Fed. R. Crim. P. 11(a)(2). Lopez did not do any of those things.

Because there is no substantial question that Lopez waived his claims when he entered an unconditional guilty plea, we **GRANT** the government's motion for summary affirmance and **DENY** as moot the motion to stay the briefing schedule.